GEORGE C. BAKER v. J. H. SMELSER.

No. 228.

1. **Amount in Controversy Exclusive of Interest—Jurisdiction.**
   Suit is for the conversion of goods of $1000 in value, and damages. While interest from the date of conversion is allowed as damages, it is not expressly given by the statute as interest. In such case the amount sued for exclusive of interest is over $1000, and the Supreme Court has jurisdiction ......  28

2. **Chattel Mortgage—When it Takes Effect.**
   Under article 3190b, Revised Statutes, Sayles' edition, if a chattel mortgage be filed forthwith, in the proper county, it becomes operative from the time of its execution. Its vitality does not date from the time of filing it .....  29

3. **Forthwith.**
   As used in the statute, as above, the word *forthwith* means, with all reasonable diligence and dispatch ........................................  31

4. **Case in Judgment.**
   A chattel mortgage was executed at 11 o'clock at night, June 3, 1889. It was deposited with the county clerk upon the opening of his office, at 7 o'clock on next morning. Six o'clock the same morning attachment was levied upon the goods at suit of another creditor. *Held,* that the mortgage

took effect from the time of its execution, and that the attaching creditor took nothing by his seizure as against the chattel mortgage .............. 31

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Bowie County.

In the petition for writ of error it is alleged, that "the precise and only question for adjudication in this case is, when does a chattel mortgage take effect as against the creditors of the mortgagor, where it is forthwith deposited with and filed in the office of the proper county clerk? From the moment of its execution and delivery, or from the moment that it is filed?"

In the trial court, it was held that the mortgage took effect from its execution. In the Court of Civil Appeals, that it only took effect from the time it was filed.

*P. A. Turner,* for plaintiff in error.

*McLean & Hynson,* for defendant in error.—An unrecorded chattel mortgage is of no avail against a creditor, with or without notice, who has obtained a lien by judicial process. Sayles' Civ. Stats., arts. 3190a, 3190b; Furniture Co. v. Hotel Co., 81 Texas, 135; Lazarus v. Bank, 72 Texas, 354; Freiburg v. Magale, 70 Texas, 116; Key v. Brown, 67 Texas, 300; Overstreet v. Manning, 67 Texas, 663; Garland v. Plummer, 72 Me., 397; Brothers v. Mundell, 60 Texas, 246; Cass v. Rothman, 42 Ohio St., 380; Willis v. Satterfield (Texas), 20 S. W. Rep., 153; Howell v. Hathaway, 54 N. Y., 97 (this New York case and the Ohio case are directly in point); 30 Kan., 368; Thomas on Mort., 496.

GAINES, CHIEF JUSTICE.—The plaintiff in error brought this suit to recover of defendant in error the value of a stock of merchandise which had been levied upon by virtue of a writ of attachment sued out by the latter against the property of one Watlington. After the levy the goods were sold by virtue of an order of the district judge, and were purchased and taken possession of by the defendant in error. The plaintiff in error recovered a judgment in the court below, but upon appeal the judgment was reversed and rendered for the defendant by the Court of Civil Appeals. The case was carried to the latter court upon an agreed statement signed by the attorneys and approved by the judge. The pleadings do not appear in the transcript. It is, however, shown by the agreed statement, that the "suit was instituted on September 16, 1889, by the plaintiff, Baker, for the use and benefit of the Gilkinson & Sloss Commission Company, against the defendant, Smelser, for the conversion and for the value of the goods," etc. The court before whom the case was tried without a jury found the value of the goods to be $1000, and gave judgment for the plaintiff for $1166.07. This evidently was the value of the goods and interest thereon from the conversion, which occurred on the 4th day of June,

1889. The record contains no direct statement as to the amount which was sued for in the petition.

This state of the record has suggested to us a question as to the jurisdiction of this court, which we have found necessary and difficult to determine. Although the question has not been raised by counsel for the defendant in error, we think it best to give our conclusions upon it, together with the reasons upon which those conclusions are based. With some exceptions (of which this case is not one), the decisions of the Courts of Civil Appeals are final in all cases over which the County Court may have had jurisdiction under the Constitution. Laws 1892, sec. 5, p. 26. Section 16 of article 5 of the Constitution provides, among other things, that the County Courts shall have "concurrent jurisdiction with the District Courts when the matter in controversy shall exceed $500 and not exceed $1000, exclusive of interest, but shall not have jurisdiction of suits for the recovery of land."

It is apparent from the record before us that the plaintiff must have claimed in his petition $1000, the value of the goods converted, and additional damages for the conversion, measurable by the interest on that value from the date of the conversion to the time of the trial. If these damages are to be treated as "interest," within the meaning of that term as used in the section of the Constitution from which we have quoted, then the record fails to show that we have jurisdiction. If they are not to be so treated, then the sum sued for exceeded $1000, exclusive of interest, and it is a case in which a writ of error lies to the judgment of the Court of Civil Appeals.

Our statutes make no provision for allowing interest in actions of this character; but it belongs to a class of cases in which interest upon the amount of the pecuniary loss inflicted by the injury is allowed as a part of the damages. It is clear, that in a suit for the conversion of a specific sum of money, a recovery of that sum, without an allowance for the use of the money, would not adequately compensate the loss. The rate of interest established by law being a fixed standard of the value of the use of money, is adopted by the court as the measure of that damage in such a case. When the statute does not expressly provide for the recovery of the interest, it is allowed not eo nomine—that is, not as interest, but merely as damages. It would probably be more correct to say that rate of interest is resorted to, in order to measure the damages accruing from the loss of the use of the money. As in case of the conversion of money, so in the case of the conversion of goods, and in many others in which the statute does not expressly create a legal liability for interest. Heidenheimer v. Ellis, 67 Texas, 426.

Recurring then to the provision in the Constitution now under consideration, we are of the opinion that it was intended to apply to cases in which interest is expressly given by statute, and not those in which the rate of interest is merely taken as a standard by which to measure in part the damages to be recovered. This case comes under the latter class; and since we infer, from the agreed statement and the judgment

of the trial court, that more than $1000 must have been claimed in the petition, we conclude that jurisdiction over it has been given by the statute. Laws 1892, p. 26, sec. 5.

The case turns upon the construction of section 1 of the Act of April 22, 1879, in reference to chattel mortgages. 2 Sayles' Ann. Stats., art. 3190b. The plaintiff claimed the goods under a deed in trust executed and delivered to him as trustee, in the night, at 11 o'clock, on the 3rd of June, 1889, and filed with the county clerk immediately upon the opening of his office, at 7 o'clock on the next morning. The defendant claimed under an attachment in his favor against the mortgagor, which was levied upon the goods in question at 6 o'clock on the same morning. If the mortgage takes effect from its execution, the judgment of the trial court is correct; but if it did not take effect as against the attaching creditor until it was filed, it is erroneous.

The section of the statute which we are called upon to construe reads as follows: "Every chattel mortgage, deed of trust, or other instrument of writing intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making the same, and as against subsequent purchasers and mortgagees and lienholders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident." 2 Sayles' Ann. Stats., art. 3190b. We are of the opinion, that if the mortgage be filed forthwith it becomes operative as against all the world from the time of its execution. The language, "shall be void," etc., "unless it shall be forthwith deposited with and filed in the office of the county clerk," etc.. implies that it shall be valid if it be so filed. The meaning of the words is so obvious that we think we would not be warranted in giving them any other construction, unless it should appear that such other construction was necessary in order to effect the purpose of the instrument. The object of the provision is to give the means of notice of the execution of the instrument, and thereby to protect the creditors of, and subsequent purchasers from, the mortgagor. Is it necessary to hold, that although the mortgage may be filed "forthwith," it does not take effect, except as between the parties to it, until the time of its filing, in order to accomplish this end? We think not. The law contemplates that purchasers and creditors, before buying or levying, as the case may be, will resort to the proper office in order to ascertain whether or not any liens have been filed upon the property. If the mortgage be filed with reasonable diligence, any person subsequently dealing with the property who avails himself of the means which the statute affords

for his protection, will, by proceeding to the clerk's office, in almost every case find the instrument on file. In the usual course of such transactions, as a rule, with very rare exceptions, if the mortgagee performs the duty which he owes to himself, and exercises that degree of diligence in placing his mortgage on file which the law requires of him, the subsequent purchaser or attaching creditor will get the notice, provided he exercise the diligence which the law contemplates he shall exercise. In other words, the mortgage will be on file before the prospective purchaser or attaching creditor can reach the office of the county clerk for the purpose of examining the file. There may be exceptional cases, but in our opinion they are extremely rare. This case itself affords an illustration. The instrument was filed immediately upon the opening of the clerk's office after its execution. This was the first moment at which any one could have examined the file after the mortgage was made, and consequently no injury could have resulted from the delay. In this connection, it seems that if the Legislature had intended to provide that a chattel mortgage should not take effect as to purchasers and creditors until it was filed, they could and would have expressed that intent by simply saying so, in so many words or by some other direct expression, the meaning of which would not have been left open to doubt or construction.

The construction we place upon the statute is in accordance with the literal import of its terms, and, as we think, is fairly calculated to secure the end which was had in view when it was enacted. We think that our construction best accords with the intent of the Legislature as expressed in the language used in the act, and that the rule announced is not calculated to operate to the injury either of the purchasers from or of the creditors of a mortgagor. We are aware that a different construction has been put upon similar language in the statutes of other States by the courts of such States. The statute of Ohio is couched in substantially the same language as the statute we have quoted, and the Supreme Court of that State hold, in effect, that the mortgage, although filed forthwith, does not take effect until it is filed. Cass v. Rothman, 42 Ohio St., 380. The court admit, however, that the determination of the question was not necessary to a decision of that case. A similar ruling has been made in New York by their Commission of Appeals. Hathaway v. Howell, 54 N. Y., 97. But the act there construed omits the word "forthwith." When no time of filing is mentioned, or when a definite period within which the mortgage must be filed, such as ten or sixty days, as is provided in the statute of some of the States, is designated, it would seem that the purpose of the act might be defeated by construing it to mean that the mortgage should take effect from the time of its execution. If our statute was of that character, it should probably receive a different construction from that we have placed upon it.

It remains to inquire whether the mortgage in controversy in this case was filed in accordance with the statute. It was filed at a very

early office hour, and as soon as the office was opened. This was as soon as practicable. It may be doubted whether its filing during the night, when the office was presumably closed for public business, would under any circumstances have been more effective than if filed at the opening of the office on the next morning. If the trustee in this case had delayed in filing his mortgage, and then had procured the clerk to open his office and file it in the night-time, and if the defendant had attached the goods before the office was opened for public business the next morning, should it have been deemed filed as to him? We gravely doubt it. The term "forthwith" has been too often construed to require any discussion at this time. Anderson v. Goff (Cal.), 13 Pac. Rep., 73; Moffat v. Dickson, 3 Col., 313; Roberts v. Brett, 11 H. L. Cases, 337; Jones v. Hutchinson, 10 C. B., 522; Bennett v. Ins. Co., 67 N. Y., 274. As used in our statute, we think it should be construed to mean "with all reasonable diligence and dispatch." The mortgage in the present case was deposited with the clerk as soon as practicable, and we think the terms of the statute were strictly followed.

We conclude, therefore, that the mortgage under which the plaintiff in error claimed was entitled to priority over the attachment of the defendant in error, and that the judgment of the Court of Civil Appeals should be reversed, and that of the District Court should be affirmed. It is accordingly so ordered.

*Judgment of District Court affirmed.*

Delivered January 28, 1895.