ARTHUR SCHULZ v. FRANK TESSMAN & BRO.

No. 757. Decided February 27, 1899.

1. **Jurisdiction—Amount in Controversy—Reconvention Abandoned.**

Where defendant introduced no evidence upon the trial to support a claim for damages asserted by plea in reconvention, such plea should be treated as abandoned, and can not be considered in determining the amount in controversy necessary to confer jurisdiction on the Supreme Court. (P. 490.)

2. **Same—Damages—Interest—Not Eo Nomine.**

In determining the amount within the exclusive jurisdiction of the district court, and hence conferring jurisdiction on the Supreme Court (Constitution, article 5, section 16; Revised Statutes, article 996), interest which is not given eo nomine, as upon a contract "ascertaining the sum payable" (Revised Statutes, article 3101), but as a part of the damages, is to be included in the amount in controversy and conferring jurisdiction. (P. 491.)

3. **Charge—Evidence.**

A charge submitting an issue not supported by any evidence is erroneous. (P. 491.)

4. **Contract Construed.**

Under a contract by which plaintiff agreed to bore a well to furnish a certain quantity of water per day, estimated by a full test, and to put in a pump and other necessary material, defendant to furnish pump, casing, etc., it was not the duty of defendant to furnish a pump merely to measure the capacity of the well. (P. 492.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Tessman & Bro. sued Schulz and had judgment for $1000, from which the latter appealed and on affirmance obtained writ of error.

*Otto Staffel*, for plaintiff in error.—There was no evidence given at the trial of this cause tending to show that plaintiffs' failure to obtain the required water or to bore said well to the required depth was caused by defendant stopping up said well and preventing plaintiffs from boring to the depth mentioned in said contract. Telegraph Co. v. Kendzora, 77 Texas, 257; Emerson v. Mills, 83 Texas, 388; Railway v. Greenlee, 62 Texas, 349.

Where the contract only calls for casing and wood to be furnished "for the boring of a well," and it appears from the undisputed testimony that the same has been furnished, it can not be left to the jury to find otherwise. Robinson v. Jones, 2 Texas Civ. App., 319; Soell v. Hadden, 85 Texas, 182; Broom's Legal Maxims, 7 ed., 650-668, 576-577; Cushing v. Worrick, 9 Gray, 382.

If the allegations in appellees' petition had been fully proved, the jury would have been authorized to render judgment for more than $1000, and the excess would not be interest eo nomine, but damages. Baker v. Smelser, 88 Texas, 27.

*Wurzbach & Wurzbach,* for defendants in error.—When the principal amount is not appealable in amount, and the evidence shows that there is no real foundation for the demand in reconvention, and no evidence is offered in support of such counterclaim, the appeal will be dismissed. Gagne v. Barrow, 15 La. Ann., 135; Burkhardt v. Elgee, 93 Wis., 29; 66 N. W. Rep., 1137.

And where the amount in dispute is actually below the jurisdictional amount of the court the claim will be considered as fictitious and the appeal dismissed, though in the averments and prayer it is greater. Bright v. Thompson, 38 La. Ann., 801; St. Clair v. Day, 89 N. Y., 357; Paper Mills Co. v. Heth, 18 S. E. Rep., 189. And if the course of the defendant on the trial, the nature of the cross-action, and the evidence adduced, all go to show that the defendant could not have seriously believed the demand for damages claimed by him would be sustained, the allegations of his answer as to the amount of damages in reconvention are without force in testing the question of jurisdiction on appeal. Lea v. Orleans, 46 La. Ann., 1444; Societa Italiana v. Sulzer, 138 N. Y., 468; 34 N. E. Rep., 193; Bledsoe v. Railway, 25 S. W. Rep., 314; Railway v. Perkins, 44 S. W. Rep., 547.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendants in error against the plaintiff in error to recover damages for the breach of a contract. The agreement was in writing, and by it the plaintiff in error, Schulz, in consideration of the defendants in error, Tessman & Bro., "boring a well on the premises of the said Arthur Schulz, at such a place as may be designated by him, and said well so bored by the said party of the second part shall furnish at least seventy-five barrels of water per day, to be estimated by a full test and trial; said water, if possible, to be good water for household and drinking purposes, in which event the above quantity of waters being furnished," bound himself to convey a certain tract of land consisting of seventy-five acres therein described. In consideration of the promise on part of plaintiff in error, defendant in error agreed "to bore or drill a well on the land of said Schulz, and to furnish him the quantity of seventy-five (75) barrels per day in the well so bored or drilled and to furnish good water if possible; provided the same can be obtained at a depth of 800 feet or less; and to put in pump and

all other material necessary, and complete said well in a good and sub-stantial manner. The said Arthur Schulz to furnish casing, pump, wind-mill, and pipes, and other material necessary." The defendants in error, the plaintiffs in the trial court, alleged in their petition the execution of the contract, and set out in haec verba its substantial stipulations, and also alleged in substance, that in pursuance of the contract they drilled the well to the depth of 725 feet, and that at that depth they were com-pelled to desist from the further prosecution of the work by reason of the failure of defendant to furnish a "shoe" for the casing which it was nec-essary to use in order to drill the well. The "shoe," it seems, was a steel cylinder intended to fit over the lower end of the casing and intended to give the casing strength to prevent it from losing its shape. They also averred that they had reason to believe that they had got water of the quantity and quality desired, but that the defendant (the plaintiff here) refused to furnish a windmill and pump to make the necessary test to determine the question. They also alleged that the defendant took pos-session of the well and closed it up and refused to open it or to permit the plaintiffs to open it, and thereby prevented the plaintiffs from com-pleting their work. The damages were laid at "the sum of $1000 with interest thereon at the rate of 6 per cent per annum."

The defendant pleaded a general denial and also pleaded in recon-vention, alleging in substance that the plaintiffs had negligently failed to prosecute the work to a successful termination, and that by reason thereof he had been damaged in the sum of $2000, for which he asked judgment.

So far as we have been enabled to see, the defendant upon the trial in-troduced no evidence to show that he had been damaged by the plaintiffs' alleged failure to carry out their contract.

When the application for the writ of error was presented, we exam-ined the question of our power to grant a writ of error and concluded that the plea in reconvention gave us jurisdiction over the case. The defendants in error have moved the court to dismiss the case for the want of jurisdiction, and the submission of the motion has been taken with that of the case. The contention of counsel for the defendants in error is that since the defendant below introduced no evidence in sup-port of his plea for damages, that cause of action should be treated as having been abandoned and should not be looked to in determining the jurisdiction of the court. We are of opinion that the ground assumed by the defendants in error as to the plea in reconvention is well taken. The defendant, having failed to offer evidence in support of his cross-action, should be deemed to have abandoned it as effectively as if he had formally withdrawn it in open court; and for the purposes of the appeal, it is no longer to be treated as a part of the case. But it is insisted on be-half of the plaintiff in error that we have jurisdiction over the case made by the petition alone. If the case could have been brought in the county court, we have no jurisdiction. Rev. Stats, art. 996. That depends upon the further question whether the amount claimed in the petition

exceeds $1000, exclusive of interest. Const., art. 5, sec. 16. The contention in behalf of the plaintiff in error is, in effect, that according to the allegations and prayer of the petition, the plaintiffs would be entitled to recover $1000 as their damages for the breach of the contract at the date of the breach, and also compensation for being deprived of the use of the money, to be measured by interest at the rate allowed by the statute from that date to the time of the trial. The contract sued upon in this case does not "ascertain the sum payable," and hence the statute does not give interest co nomine for its breach. Rev. Stats., art. 3101. Interest, however, is given, not eo nomine but as a part of the damages. Bank v. Sachtleben, 67 Texas, 420; Heidenheimer v. Ellis, 67 Texas, 426. In Baker v. Smelser, 88 Texas, 26, in construing section 16 of article 5 of the Constitution, we held that the words "exclusive of interest," as therein used, were "intended to apply to cases in which interest is expressly given by statute, and not those in which the rate of interest is merely taken as a standard by which to measure in part the damages to be recovered." The principle there announced is decisive, as we think, of this question. The recovery for the delay in receiving compensation not being considered interest within the meaning of the term as used in the section of the Constitution which fixes the jurisdiction of the county court, it follows that the amount in controversy in this case, exclusive of interest, exceeds $1000, and that therefore this court has jurisdiction.

The first specification of error in this court is that the Court of Civil Appeals erred in holding that the trial court did not err in giving the jury the following charge: "You are further charged, that although you may find from the evidence that plaintiff failed to obtain the quantity of water contracted for, and failed to bore said well the required depth, yet if you find that such failure, if any, was caused by defendant stopping up said well and preventing plaintiffs from boring to the depth mentioned in said contract, then you are instructed that plaintiff would be entitled to recover." The charge is claimed to be erroneous, for the reason that there was no evidence to show that the failure of the plaintiffs to drill to the required depth was caused by the defendants having stopped up the well. We have found no evidence in the record to justify the submission of the issue presented by the instruction in question, and are of opinion that the assignment should be sustained. The work seems to have been done by Frank Tessman. His partner did not testify in the case; but he testified fully, and it is mainly upon his testimony that the right of recovery rests. He says emphatically more than once, in effect, that when he had drilled 725 feet the casing became mashed for want of a shoe and that it became impracticable to drill any further. The stopping of the well was by the defendant inserting in the end of the well or pipe a part of a limb of a liveoak tree, with spikes driven in it to prevent its falling into the well. When this was done, the plaintiffs had quit work and taken the drill away for the purpose of boring a well at another place. We deem it unnecessary to quote his testimony. It

shows beyond controversy that the plaintiffs had abandoned the work when the defendant inserted the plug. The charge in question submitted an issue not made by the evidence, and was therefore erroneous.

We are also of the opinion that under the terms of the contract, if the plaintiffs had obtained the supply of water contracted for, it would have been their duty to put in a pump, provided the defendant had furnished one for that purpose. It was not the duty of the defendant to supply a pump merely to measure the capacity of the well.

For the error pointed out, the judgments of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded..

*Reversed and remanded.*