GULF, WEST TEXAS & PACIFIC RAILWAY COMPANY v. WILLIAM L. FROMME.

No. 1397. Decided February 20, 1905.

**1.—Appeal—Amount in Controversy.**

Where damages for injury to cattle in shipment are laid at $95 and interest from accrual of the cause of action, the amount in controversy affecting the jurisdiction of the Court of Civil Appeals is determined by the sum stated with interest added to the time of trial. (P. 461.)

**2.—Constitutional Law—Caption of Act.**

The Legislature being required, in increasing, etc., the jurisdiction of a court, to conform that of other courts to the change (Const. art 5, sec. 22), entitling an act as one "to increase the civil jurisdiction" of a named county court was sufficient caption to justify, as complying with the Constitution, a provision limiting the rights of appeal therefrom in cases previously within the jurisdiction of justice courts only, to those where the judgment or amount in controversy exceeds $100 exclusive of interest and costs. (Pp. 461, 462.)

Questions certified from Court of Civil Appeals for the First District.

*Proctors,* for appellant.

No briefs were on file for appellee.

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals of the First Supreme Judicial District, as follows:

"The appellee brought this suit in the County Court of Goliad County to recover of appellant damages for injury to certain cattle of appellee resulting from the alleged negligent failure of appellant to furnish cars for their shipment to market on the day agreed on.

"The damages are laid at $75 for depreciation in the value of the cattle, and $20 for extra expense incurred in caring for and maintaining them between December 11th, when the cars should have been furnished, and December 15th, when they were furnished. These are the only sums stated in the petition, but there is a general prayer for the recovery of interest from the date of the damage to the trial, no aggregate sum as interest being stated and the uncertain date of the prospective trial not being alleged. The prayer for judgment is in the following language:

" 'Plaintiff says that on account of defendant's default as hereinbefore set out he has been damaged in the sum of $95 and though often requested so to do defendant has failed to pay the same or any part thereof. Wherefore plaintiff prays that defendant be cited to answer this petition and that upon final trial he have judgment for his damages, interest and costs of suit and for such other and further relief to which he may be entitled either in law or equity.'

"There was judgment for plaintiff for $28.04, from which defendant appealed to this court.

"We dismissed the appeal on the ground that the amount in controversy was below the jurisdiction of this court. As our views upon the question were fully stated in Western Union Telegraph Company v. Garner, 11 Texas Ct. Rep., 219, in which a like question arose, we filed no opinion in this case.

"We are now confronted with a motion to reinstate the appeal, in which it is contended that this court has jurisdiction of the appeal:

"First. Because the suit originated in the county court, which in Goliad County had, under the Act of 1895 (Sayles' Civ. Stats., p. 1929), concurrent jurisdiction with the justice court.

"Second. That by reason of the prayer for interest the amount in controversy exceeded $100.

"We refused to take cognizance of the appeal on the first ground, because the Act of 1895 which clothed the County Court of Goliad County with jurisdiction concurrent with the justice court also forbade an appeal where the amount in controversy was less than $100.

"In the motion now under consideration the point is made that the portion of the Act of 1895 limiting the right of appeal from judgments in causes originating in the county court is unconstitutional and void because not one of the objects expressed in the title of the act nor germane to the objects therein stated. For the convenience of the court we copy here the title of the bill. It is as follows: 'An Act to increase the civil jurisdiction of the County Court of Goliad County.' Gammel's Laws of Texas, vol. 10, p. 787.

"When we decided Garner's case, supra, we followed San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 61, which we regarded as decisive of the exact question.

"In view of the rules announced in Schulz v. Tessman, 92 Texas, 488,

and Railway v. Addison, supra, and of the fact that both Garner's case, supra, and the case before us were brought in courts of limited jurisdiction, we have thought proper to certify for your decision the following questions:

"First.    Does the pleading of plaintiff state an amount within the appellate jurisdiction of this court?

"Second.    Is section 3 of the Act of 1895, supra, unconstitutional?

"Third.    If the second question is answered in the affirmative, does it render the entire act void?"

The statement which accompanies the certified question in this case fails to show when the cause of action accrued, or the date of the trial in the County Court, hence we are unable to answer the first question categorically, but reply thereto, that if at the date of the trial in the County Court 6 per cent per annum added to the $95, stated as damages, would have amounted to more than $100, then either party had a right to appeal from that judgment, because the amount in controversy was the full sum that the plaintiff could recover under the allegations of his petition.    Baker v. Smelser, 88 Texas, 26; Schulz v. Tessman, 92 Texas, 488.

The right of appeal in this case depends entirely upon section 3 of an act entitled: "An Act to increase the civil jurisdiction of the County Court of Goliad County," passed by the Legislature in the year 1895, which reads as follows: "No appeal or writ of error shall be taken to the Court of Civil Appeals from any final judgment of said county court in civil cases of which said court has appellate or original concurrent jurisdiction with the justice court, where the judgment or amount in controversy does not exceed one hundred dollars, exclusive of interest and costs."    Notwithstanding the judgment is for less than $100 in this case, the Court of Civil Appeals has jurisdiction, provided judgment might have been rendered under the plaintiff's pleadings for a sum exceeding $100.    We think that the language, "where the judgment or amount in controversy does not exceed $100," fixes the date of the trial in the county court as the time at which the amount of recovery must be ascertained to determine jurisdiction.

The case of Schulz v. Tessman, 92 Texas, 488, determines the very point presented by this question.    The allegations of the petition in that case are stated by Judge Gaines as follows: "The damages were laid at the sum of $1000 with interest thereon at the rate of 6 per cent per annum," which is practically the same as in this case.    It was held in that case that the sum in controversy exceeded $1000, and the court said: "The recovery for the delay in receiving compensation not being considered interest within the meaning of the term as used in the section of the Constitution which fixed the jurisdiction of the county court, it follows that the amount in controversy in this case, exclusive of interest, exceeds $1000, and that therefore this court has jurisdiction."    The form of allegation is not important when the intention of

the pleading is clear. It was the purpose to claim $95, damages, for the failure to deliver the car, and additional damages at 6 per cent for delay of payment.

To the second question we reply, that the third section of the act referred to is Constitutional. It is embraced within the general subject expressed in the caption of the act and is not obnoxious to section 35 of article 3 of the Constitution of the State, which forbids that any act shall embrace more than one subject.

Section 22 of article 5 of the Constitution is in these words: "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of county courts; and in cases of any such change of jurisdiction the Legislature shall also conform the jurisdiction of the other courts to such change." Under the authority of this section the Legislature had the power to increase the jurisdiction of the county court by giving to it jurisdiction over the subjects of litigation embraced in the jurisdiction of the justice courts, and also to regulate the right of appeal from the county court to the Court of Civil Appeals, thereby conforming the jurisdiction of the two courts. Jones v. Jones, 1 White & W., sec. 200; Miman v. Eidman, 1 White & W., sec. 629.