### A. W. POTTS v. W. W. DEYERLE.

Decided February 20, 1908.

**Appeal—Amount in Controversy—Jurisdiction.**

Plaintiff brought suit upon an unpaid check for $100 and prayed for judgment of that sum, interest, costs of suit and for general relief. There was no allegation of damages. Held, that the amount involved did not exceed $100, that the judgment of the County Court on appeal from the Justice's Court was final and that no appeal could be prosecuted therefrom.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*J. R. Downs,* for appellant.

*Jno. B. McNamara* and *O. L. Stribling,* for appellee.

KEY, ASSOCIATE JUSTICE.—On a former day of this term this court, without writing an opinion, sustained a motion to dismiss this appeal upon the ground that the case, having originated in a justice of the peace court, and not involving more than $100, exclusive of interest, the judgment of the County Court was final, and no appeal could be prosecuted therefrom.

Appellant has filed a motion for rehearing and contends that the pleadings show that the amount in controversy exceeded $100, exclusive of interest *eo nomine.* The plaintiff's petition shows that he brought suit upon an unpaid check for $100. He alleged that he had been damaged in the sum of $100, and prayed for judgment for that sum, costs of suit and for general and special relief.

Appellant Potts filed a special answer in which he alleged that he and one M. C. Connerly made a wager, appellant betting Connerly $100 that cotton would sell in the town of McGregor on the date the Government bureau report should be published at 12 cents per pound, and Connerly betting the same sum that it would not; that to secure the respective bets, appellant and Connerly each agreed to deposit with the Farmers Bank of McGregor his personal check for the sum of $100, which it is alleged was done. It is also alleged that the bank referred to was the property of appellee.

The main purpose of the plea referred to seems to have been to make it appear that the contract sued on by appellee was illegal and not enforcible in the courts. It does not allege that appellant has been damaged in any sum, and concludes with the following prayer:

"This defendant, pleading in the alternative, says, that if for any reason the court refuses to dismiss this suit, he prays that he may have his judgment against said Deyerle for the sum of $100, the amount of the check in his hands to secure the defendant the payment of his bet, together with the lawful interest thereon from the said 13th day of December, 1905, the date when said check should have been turned over to him by the stakeholder, said Deyerle, to the date of the trial hereof, and he further prays for all such

other relief in law and equity to which he may be justly entitled by reason of the premises."

It is contended on behalf of appellant that the prayer for general relief would authorize a recovery of interest as damages, and bring the case within the rule announced in Baker v. Smelser, 88 Texas, 26; Shulz v. Tessman, 92 Texas, 491, and Jackson v. Nelson, 39 S. W., 315. The answer to that contention is that appellant did not allege that he had sustained any damages; and therefore he was not entitled to recover any in the form of interest or otherwise.

*Motion overruled.*