FORT WORTH & DENVER CITY RAILWAY COMPANY v. J. N. RAYZOR.

Decided January 15, 1910.

**Jurisdiction—Amount in Controversy—Interest.**

In a suit in a County Court against a railroad company for damages to a shipment of pianos, plaintiff alleged that the pianos were damaged to the extent of $850, and that he had expended $125 in repairing and handling them, making a total of $975; the prayer of the petition was that "he have judgment for his said damages in the sum of $975 with legal interest thereon, for costs of suit, and for general relief." Held, the amount sued for was in excess of $1,000 and therefore the County Court had no jurisdiction.

Appeal from the County Court of Denton County. Tried below before Hon. Lee Zumwalt.

*Spoonts, Thompson & Barwise, E. C. Smith* and *J. M. Chambers,* for appellant.—The amount sued for by the original petition, and also by the first amended petition upon which the cause was tried, being in excess of one thousand dollars, exclusive of interest, the court erred in rendering judgment upon the merits of the case. Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Texas, 459; Fort Worth & D. C. Ry. Co. v. Everett, 95 S. W., 1085.

*Owsley & Sullivan,* for appellee.—The amount sued for by the original petition and also by the first amended original petition upon which the cause was tried, being less than one thousand dollars, the court did not err in rendering judgment upon the merits of the case. San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 64; Atchison, T. & S. F. Ry. Co. v. Dawson, 90 S. W., 65; Schulz v. Tessman, 92 Texas, 490; Rose v. Riddle, 3 Texas Civ. App., 365; Houston, E. & W. T. Ry. Co. v. McMillan, 37 Texas Civ. App., 483; Western U. Tel. Co. v. Garner, 83 S. W., 433.

CONNER, CHIEF JUSTICE.—This action was brought by appellee in the County Court of Denton County on October 5, 1907, against the appellant and other connecting carriers, for damages in the sum of nine hundred and seventy-five dollars, sustained by reason of alleged negligence in handling a shipment of pianos from Denton, Texas, to Hereford, Texas, on September 12, 1906. The trial before the court resulted in a judgment in appellee's favor against all the defendants in the sum of seven hundred dollars, and the only question presented to us on this appeal is one of jurisdiction. It is insisted that the judgment is erroneous for the reason that the amount in controversy, both at the time the suit was filed and at the time that it was

tried, exceeded one thousand dollars, if so, of course the judgment was unauthorized.

Appellee, after alleging the shipment, negligence and injury to his pianos, further alleges:

"That they were broken and defaced and otherwise injured in so much that their value was reduced in the sum of eight hundred and fifty dollars; and the plaintiff was put to the further cost and expense in repairing and handling the said pianos, in his endeavor to lessen the damage as much as possible, in the sum of one hundred and twenty-five dollars, and that the plaintiff was thereby damaged in the sum of nine hundred and seventy-five dollars.

"That in the manner and by the means aforesaid defendants and each of them became justly indebted to plaintiff in the sum of nine hundred and seventy-five dollars, and, though the same is long since due and the plaintiff has often demanded payment thereof, defendants and each of them have wholly failed to pay the same or any part thereof, and still fail and refuse so to do, to plaintiff's said damage in said sum of nine hundred and seventy-five dollars."

With prayer as follows: "Wherefore plaintiff prays that the defendants be cited to answer this petition and that on the trial hereof he have judgment for his said damages in the sum of nine hundred and seventy-five dollars with legal interest thereon, for costs of suit, and for general relief."

It is well settled that the interest for which appellee prayed is recoverable in a case of this character as part of the damages only and not as "interest" within the meaning of that term as used in section 16, article V, of the Constitution, limiting the original jurisdiction of the County Court in civil cases to amounts in value not exceeding one thousand dollars "exclusive of interest." If the interest sought to be recovered in this case be computed at the legal rate upon the nine hundred and seventy-five dollars damages claimed by appellee in his petition, either from the date of the alleged injury to the institution of the suit, or to the date of the trial, the interest and damages will aggregate more than one thousand dollars; but, as presenting the view of the trial court and the full force of appellee's contention before us on the question of jurisdiction, we copy the following from the court's conclusions of law: "On the issue as to the amount in controversy in this cause, I find that the court has jurisdiction. In cases of this character interest may be allowed by way of indemnification as a part of the damages, but is never allowed as interest, and therefore in order to recover interest the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action and the interest thereon from that date until the time of trial. In this case the damages claimed were only $975; the recovery was necessarily limited to that amount, and the only relief in excess of said amount that could be given to plaintiffs under the prayer in the petition for interest, is legal interest from the date of the trial."

While the view thus expressed is ingenious and forceful, and perhaps supported by the case of Atchison, T. & S. F. Ry. v. Dawson,

90 S. W., 65, we see no way to distinguish this case in principle from the cases of Gulf, W. T. & P. Ry. v. Fromme, 98 Texas, 459; Schulz v. Tessman, 92 Texas, 488; Ft. Worth & D. C. Ry. v. Everett, 95 S. W., 1085. In the Everett case, particularly, the averments of the plaintiff's petition were substantially identical with those of appellees in this case, and upon the authorities named we think the judgment must be reversed and the cause remanded with instructions to dismiss, unless by amendment appellee's cause of action is brought within the court's jurisdiction. See Ware v. Clark, ante 356.

*Reversed and remanded.*