HERRINGTON v. GULF, C. & S. F. RY. CO.
et al.

(Court of Civil Appeals of Texas.  Austin.
Jan. 10, 1912.)

1. COURTS (§ 121*)—COUNTY COURTS—"JU-
RISDICTION OF COUNTY COURT"—AMOUNT IN
CONTROVERSY—INTEREST.

The interest recoverable on the amount
of the damages for injuries to live stock dur-
ing transportation from the date of the inju-
ries to the date of the commencement of the
action is recoverable as damages, and cannot
be excluded in determining the jurisdiction of
the county court, within Const. art. 5, § 16,
limiting jurisdiction.

[Ed. Note.—For other cases, see Courts,
Cent. Dig. §§ 413–426; Dec. Dig. § 121.*]

2. COURTS (§ 169*)—COUNTY COURTS—JURIS-
DICTION—AMOUNT IN CONTROVERSY.

Where three carriers were jointly sued in
the county court for damages to live stock
during transportation, and the action against
one carrier was in excess of $1,000, the amount
in controversy was in excess of the jurisdic-
tion of the county court, and the entire case
must be dismissed, especially in the absence
of any request by plaintiff to dismiss the ac-
tion as against such carrier.

[Ed. Note.—For other cases, see Courts,
Dec. Dig. § 169.*]

Appeal from Tom Green County Court;
Oscar Frink, Judge.

Action by J. F. Herrington against the
Gulf, Colorado & Santa Fé Railway Compa-
ny and others.   From a judgment of dis-
missal, plaintiff appeals.  Affirmed.

Anderson & Dumas and C. E. Dubois, for
appellant.  Terry, Cavin & Mills, Jos. Spence,
Jr., and Harris & Harris, for appellees.

RICE, J.  On the 22d day of April, 1909,
plaintiff, Herrington, instituted this suit in
the county court of Tom Green county
against the Gulf, Colorado & Santa Fé
Railway Company, the Ft. Worth & Rio
Grande Railway Company, and the Ft.
Worth & Denver City Railway Company
for the recovery of damages, as hereinafter
stated, to a shipment of horses from San
Angelo to Childress over said respective
lines of railway, alleging that said horses
were delivered by him to the first-mentioned
defendant at San Angelo, Tex., on Novem-
ber 30, 1907, and asserting an additional
liability to plaintiff, as against the last-
named defendant, for a penalty of $350, un-
der article 326 of the Revised Civil Statutes.
Defendants excepted to the plaintiff's peti-
tion, on the ground that it showed that the
amount involved was in excess of the juris-
diction of said court.  This exception was
sustained, and the case dismissed, which
ruling furnishes the basis for the first as-
signment of error.

The petition is not set out in the tran-
script, but from an agreed statement of the
pleadings and proof, made in accordance
with article 1414 of the Revised Statutes,
and incorporated in the transcript, we take

the following excerpt from the original peti-
tion, which is sufficient to illustrate the point
in question.  After alleging negligence on
the part of defendants in the transportation
of said horses, plaintiff, for cause of action
and prayer for relief, says: That, by reason
of the aforesaid negligence and breach of
contract by said defendants, one of plaintiff's
said live stock, to wit, a mare, of the value
of $85, was killed, and was a total loss to
plaintiff, to his damage in the sum of $85;
two other mares, of the value of $100 each,
were seriously injured, to plaintiff's damage
in the sum of $90 on one and $95 on the
other; and that the remaining 35 head
were damaged in the sum of $350, to his
total damage in the sum of $620, which sum
plaintiff sues for, together with interest and
costs of suit.  Plaintiff further sues defend-
ant Ft. Worth & Denver City Railway Com-
pany for the penal sum of $350 for the fail-
ure of said defendant to sufficiently feed
and water said stock.  Plaintiff prays that
defendants may be cited in terms of the law
to answer this complaint, and that upon
final hearing hereof he may be awarded
judgment against defendants in the total
sum of $970, his interest, and costs of suit.
It further appears from said agreed state-
ment that said suit was filed on the 22d of
April, 1909, and that the horses were de-
livered to the initial carrier, the Gulf, Colo-
rado & Santa Fé Railway Company, on No-
vember 30, 1907.

[1] It is thus seen that the amount of
damages at the date of shipment (November
30, 1907) against all three of said defend-
ants was $620, and 6 per cent. interest there-
on from November 30, 1907, to April 22, 1909
—one year, four months, and twenty-three
days—would equal $49.51; total principal
and interest, being the damages claimed for
injuries to the stock, $669.51, against all of
said defendants, to which we must add the
statutory penalty, to wit, $350, making the
total amount in controversy at the date of
filing of plaintiff's original petition $1,019.51;
and plaintiff prayed for judgment against
the defendants in the total sum of $970,
with interest and costs of suit.  So that it
clearly appears from the allegations of the
petition, in connection with the prayer, that
the suit, at least against the Ft. Worth &
Denver City Railway Company, at the time
it was filed, was for an amount greater than
$1,000, and therefore not within the juris-
diction of the county court.  For which rea-
son it seems that there was no error in the
action of the court in dismissing the suit on
defendants' exception to the jurisdiction.  The
interest in this class of cases is recoverable,
not as interest merely, but as damages, and
therefore cannot be excluded in determining
the jurisdiction of the county court, within
the meaning of the Constitution, art. 5, §

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

16. See Pecos & Northern Ry. Co. v. Womble, 124 S. W. 111; Ft. Worth & D. C. Ry. Co. v. Rayzor, 125 S. W. 619; Telegraph Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, s. c. 79 S. W. 6.

[2] There is no merit in appellant's contention that the court erred in dismissing the case against the Gulf, Colorado & Santa Fé Railway Company and the Ft. Worth & Rio Grande Railway Company, because, as against them, the amount sued for was within the jurisdiction of the county court, for the reason that, all three of said roads being jointly sued, if the action against either was for more than $1,000, as in the present case against the Ft. Worth & Denver City Railway Company, then the amount in controversy was in excess of the jurisdiction of the court, which would require a dismissal of the entire cause of action. Had plaintiff desired to dismiss against the latter road, it is possible that this might have been done, and the suit prosecuted to judgment against the other two; but no such request was made by him, and the court of its own motion was not authorized to dismiss as to the latter and entertain the suit as to the two former defendants. The amount in controversy as to one of said defendants being in excess of the jurisdiction of the county court, it was clearly its duty to dismiss the entire case.

While there are other questions presented by the brief of counsel for appellant, still, since they have agreed that the judgment as rendered shall be affirmed, unless the Court of Civil Appeals shall hold that the plaintiff's demand against the defendants as pleaded in his original petition did not, in the aggregate, exceed the sum of $1,000, it will be unnecessary to consider such assignments.

No error appearing in the judgment of the trial court, we conclude that the same should, in all things, be affirmed, and it is so ordered.