FT. WORTH STOCKYARDS CO. v. WITHERSPOON et al. (No. 604.)

(Court of Civil Appeals of Texas. Amarillo. April 25, 1914.)

COURTS (§ 169*) — JURISDICTION — COUNTY COURT—"INTEREST."

Under Const. art. 5, § 16, declaring that the maximum amount for which suit may be brought in the county court is $1,000, exclusive of interest, the term "interest" means interest eo nomine, and not interest allowed as damages in actions of tort; and hence the county court is without jurisdiction of an action for damages for the destruction of a number of cattle, where their value, plus the interest which accrued between the date of the destruction and the filing of the suit, exceeded $1,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

Appeal from Childress County Court; Frank W. Freeman, Judge.

Action by L. Witherspoon against the Ft. Worth Stockyards Company and others. From a judgment for the plaintiff, the named defendant appeals. Reversed, and order dismissed as to the appellant; affirmed as to the other defendants.

Capps, Cantey, Hanger & Short, of Ft. Worth, and W. L. Evans, of Ft. Worth, for appellant. M. J. Hathaway and W. B. Howard, both of Childress, for appellees.

HUFF, C. J. This suit was brought in the county court of Childress county on the 7th day of June, 1913, by L. Witherspoon against the Ft. Worth Stockyards Company, the Ft. Worth Belt Railway Company, the Chicago, Rock Island & Gulf Railway Company, the Ft. Worth & Denver City Railway Company, R. D. Moore, and Jack Lancaster, for damages occasioned by the burning of 37 head of cattle in the stockyards at Ft. Worth on the 25th day of June, 1911. The allegations are substantially that the cattle were delivered to the Chicago, Rock Island & Gulf Railway Company at Boyd, Tex., by R. D. Moore, to be transported to Childress, Tex., under a contract duly entered into, by the terms of which contract it was stipulated that the cattle were to be unloaded, dipped, and inspected at Ft. Worth, Tex., and that the said Moore should have the privilege of selling said cattle on the Ft. Worth market; that the Chicago, Rock Island & Gulf Railway Company delivered the cattle to the Belt Railway, which latter company delivered them to the Ft. Worth Stockyards Company, appellant herein, and while in its possession the cattle were destroyed by fire. It is alleged, also, that R. D. Moore transferred and assigned his claim for damages on May 31, 1913, to Jack Lancaster, for a consideration of $800, with 10 per cent. interest thereon from date, and that Jack Lancaster, on the 4th day of June, 1913, transferred and assigned the claim to appellee, L. Witherspoon, for a valuable consideration of $800, with 10 per cent. interest from date. The allegations are that "said cattle so destroyed consisted of one Jersey bull, of the reasonable value of $35; 19 Jersey cows, of the reasonable value of $30 each; 10 common cows, of the reasonable value of $25 each; and seven calves, of the reasonable value of $10 each— aggregating the sum of $925. The following is the prayer: "Wherefore plaintiff prays, the defendants having all appeared and answered herein, that he have judgment for his damages, $925, together with interest thereon from June 25, 1911, at the legal rate of 6 per cent., and in the event he is not entitled to his damages for the destruction and loss of said cattle, that he then have his judgment against the defendants R. D. Moore and Jack Lancaster for the sum of $800 and 10 per cent. interest from May 31, 1910, thereon, for costs of suit, and for such other and further relief, special and general, in law and

equity, to which he may be entitled under the law and the facts." ·

It will be observed at the time of the filing of the suit that 1 year, 11 months and 12 days had elapsed from the burning of the cattle, and from which time interest is claimed at the rate of 6 per cent. per annum. The value of the cattle, together with the interest claimed as damages, being something like $110 interest, making the amount sued for $1,035, at the time the suit was instituted. Article 5, § 16, of the Constitution of this state declares that the maximum amount for which suit may be brought in the county court is "$1,000.00, exclusive of interest." It is now the settled rule in this state that interest, as used in the Constitution, means interest eo nomine, and not interest allowed as damages in actions of tort. The county court, therefore, had no jurisdiction of the subject-matter of this suit at the time it was filed as against the appellant in this case. Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Herrington v. Railway Co., 142 S. W. 983; Railway Co. v. Faulkner, 118 S. W. 747; Railway Co. v. Fromme, 98 Tex. 459, 84 S. W. 1055; Railway Co. v. Hunt, 38 Tex. Civ. App. 460, 85 S. W. 1168; Railway Co. v. Everett, 95 S. W. 1085; Railway Co. v. Addison, 96 Tex. 61, 70 S. W. 200; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1032; Grocer Co. v. Railway Co., 142 S. W. 624; Railway Co. v. Rayzor, 125 S. W. 619.

The county court having no jurisdiction, the case should be reversed as to appellant, and the court directed to dismiss the same as to appellant. The judgment as to Lancaster and Moore will be affirmed. Reversed and ordered dismissed in part, and affirmed in part.