TEXAS & PAC. RY. CO. v. ELDRIDGE CARTER & SON. (No. 1983.)

(Court of Civil Appeals of Texas. Texarkana. May 10, 1918. Rehearing Denied June 6, 1918.)

DAMAGES ☞157(4)—PLEADING—AD DAMNUM —INTEREST.

Plaintiffs' petition, alleging their damages to be value of hay burned by defendant railroad, to wit, $5,312.50, "together with interest from said 22d day of December, 1915, at 6 per cent. per annum," authorized recovery of value of hay as alleged and interest in sum as computed, though amount in dollars and cents was not pleaded.

Appeal from District Court, Lamar County; A. P. Dohoney, Jr., Judge.

Suit by Eldridge Carter & Son against the Texas & Pacific Railway Company. From judgment for plaintiffs, defendant appeals. Affirmed.

In their petition appellees (plaintiffs below) alleged that on December 22, 1915, 625 tons of hay belonging to them, of the value of $8.50 per ton, were destroyed by fire, which appellant negligently permitted to escape from one of its locomotive engines, "to the damage," quoting, "of the plaintiffs in the total sum of $5,312.50, together with interest from the said 22d day of December, 1915, at 6 per cent. per annum," for which appellees prayed judgment. At the trial appellant admitted it was liable to appellees for the loss of the hay, but denied that the quantity destroyed was as much as 625 tons and that the value of the hay destroyed was as much as $8.50 per ton. The court found in accordance with appellees' contention, however, and rendered judgment in their favor for $5,312.50 as the value of 625 tons at $8.50 per ton, and for $554.10 as the interest on said $5,312.50 from said December 22, 1915, the date when the hay was destroyed.

Head, Dillard, Smith, Maxey & Head, of Sherman, and Geo. Thompson, of Dallas, for appellant. Burdett, Connor & Dailey, of Paris, for appellees.

WILLSON, C. J. (after stating the facts as above). It is insisted that the testimony did not warrant the finding that there was as much as 625 tons of hay destroyed, nor the finding that the hay destroyed was worth as much as $8.50 per ton. Having read and considered all the testimony in the record, we overrule the contention. There was testimony which, if believed by the court, as evidently it was, authorized each of the findings.

And we think the contention made that the pleadings did not warrant the judgment in appellees' favor, so far as it was for interest on the value of the hay, also should be overruled. As is noted in the statement above, appellees alleged their damages to be the value of the hay, to wit, $5,312.50, "together with interest from said 22d day of December, 1915, at 6 per cent. per annum." It is urged that the allegations did not authorize a recovery by appellees of a sum exceeding $5,-312.50. "It is our contention," appellant says in its brief, "that it is necessary for a plaintiff to allege in dollars and cents the amount of damage that he claims, and that he is concluded by the amount thus claimed; that, while it is unnecessary to allege interest as an element of damages in a case of this character, such an allegation, to be of any force and effect, must allege a specific sum, or else it must be included in the general sum claimed."

Appellant cites Railway Co. v. Addison, 96 Tex. 61, 70 S. W. 200, Railway Co. v. McMillan, 37 Tex. Civ. App. 483, 84 S. W. 296, and

Telegraph Co. v. Garner, 83 S. W. 433, as cases supporting its contention.

The Garner Case was decided by the Court of Civil Appeals on the authority of the Addison Case, and the McMillan Case was decided by the same Court of Civil Appeals on the authority of the Garner Case.

The Addison and Garner Cases were unlike this one. In the Addison Case the plaintiff sought a recovery on account of injury to certain horses. In his petition he alleged the damages to be $130, saying nothing about interest thereon. The verdict in his favor was for $130, while the judgment was for $130 and interest thereon from the date of the injury to the horses. The Supreme Court, in answering a question certified to it, held, of course, that the judgment was unauthorized, so far as it was for a sum in excess of that sued for by the plaintiff and found in his favor by the jury. In the Garner Case the plaintiff sued for $99.99 as the damages he had suffered by the negligent failure of defendant to deliver a telegram. He did not in his pleading seek a recovery of interest on the $99.99. There was a judgment in his favor for $99.99. The point decided by the Court of Civil Appeals was that the plaintiff was entitled to recover only $99.99, and not $99.99 and interest thereon, and that therefore, the amount in controversy between the parties being less than $100, it was without jurisdiction of the appeal.

The McMillan Case was like this one, except that it originated, as did the others mentioned, in a justice court. There the plaintiff sued for $100 as the value of a mule negligently killed by appellant, and by his pleadings also sought a recovery of interest on the $100. The judgment was in his favor for $106.50. On the appeal the court sustained a contention made by the defendant that the plaintiff under his pleadings was not entitled to recover anything in excess of $100.

The decisions in the Addison and Garner Cases were plainly correct. The plaintiffs in those cases, not being entitled to recover interest eo nomine, were not entitled to recover sums in excess of those they severally sued for. But that was not true of the plaintiff in the McMillan Case. He not only by his pleadings sought a recovery of $100 as the value of the horse, but also sought a recovery, as further damages he suffered, of interest on the $100. The conclusion that the $100 the plaintiff sued for was the limit of the recovery which could be awarded him, notwithstanding he also sued for interest thereon, was, as stated, based on the Garner Case, where the Court of Civil Appeals, it seems to us, misconstrued the Addison Case. In that case the Supreme Court, after answering questions certified to it, with reference to another question, a determination of which, it stated, was not necessary to a decision of the case, said:

"In cases of this character interest may be allowed by way of indemnification, as a part of the damages, but is never allowed eo nomine; and therefore, in order to recover interest, the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action and the interest thereon from that date to the time of the trial. In this case the damages claimed were only $130. The recovery was necessarily limited to that amount."

The Court of Civil Appeals, it seems, understood Judge Gaines to mean that interest was not recoverable as damages unless it was included in a sum specified by the plaintiff in his pleadings as the sum he sued for. That Judge Gaines did not mean that clearly appears, we think, when it is remembered that the court was not called upon by the record before it to determine such a question, and when it is further remembered that the court had already determined the question to the contrary of appellant's contention, in an opinion also by Judge Gaines, in Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031. But if the language used in the Addison Case should be construed to mean what the Court of Civil Appeals in the Garner and McMillan Cases understood it to mean, we nevertheless would not regard the Addison Case as authority requiring us to sustain appellant's contention, for two reasons: First, because, as before stated, the record in the Addison Case did not make the question presented by the record before us; and, second, because the question before us was in effect determined by the Supreme Court to the contrary of appellant's view of it in Railway Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054, when the plaintiff sought a recovery of $95 as the damages he suffered by the negligent failure of defendant to furnish cars in which to ship certain cattle. He also prayed for interest on the $95. After dismissing an appeal prosecuted by the railway company for a judgment the plaintiff obtained against it, for lack of power to determine it, on the theory that the amount in controversy was only $95, the Court of Civil Appeals which decided the Garner and McMillan Cases certified a question to the Supreme Court as follows:

"Does the pleading of the plaintiff state an amount within the jurisdiction of this court?"

The Supreme Court answered:

"The statement which accompanies the certified question in this case fails to show when the cause of action accrued, or the date of the trial in the county court; hence we are unable to answer the question categorically, but reply thereto that if, at the date of the trial in the county court, 6 per cent. per annum added to the $95 stated as damages, would have amounted to more than $100, then either party had a right to appeal from that judgment, because the amount in controversy was the full sum that the plaintiff could recover under the allegations of his petition"—citing Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031.

The Fromme Case has been followed by others (Railway Co. v. Hunt, 38 Tex. Civ. App. 460, 85 S. W. 1168; Railway Co. v. Everett, 95 S. W. 1085; Railway Co. v. Underwood, 98 S. W. 453; Id., 100 Tex. 284, 99 S.

W. 92, 123 Am. St. Rep. 806; Railway Co. v. Womble, 58 Tex. Civ. App. 33, 124 S. W. 111; Railway Co. v. Rayzor, 58 Tex. Civ. App. 544, 125 S. W. 619; Pecos & N. T. R. Co. v. Womble, 106 Tex. 544, 172 S. W. 1103; Railway Co. v. Witherspoon, 166 S. W. 502), and we think the question presented by the appellant here should be regarded as settled against its contention.

The judgment is affirmed.