### SIMMS OIL CO. v. HALL.    (No. 324.)

(Court of Civil Appeals of Texas. Waco. Feb. 25, 1926.)

1. Courts ⬦170—Total of items separately set out and not amount prayed for comprise amount in controversy determining jurisdiction.

Where there is a conflict between total of items separately set out and amount prayed for or stated generally, total of items separately set out comprises amount in controversy determining jurisdiction.

2. Courts ⬦170—County court held without jurisdiction, where correct sum of specific *items of damages pleaded amounted to more than $1,000 (Const. art. 5, § 16; Rev. St. 1911, art. 1764).*

Where correct sum of specific items of damages pleaded in action for trespass amounted to over $1,000, county court *held* without jurisdiction in view of Const. art. 5, § 16 (Rev. St. 1911, art. 1764), though total damages were calculated at less than $1,000.

3. Courts ⬦169(4).

Claim for interest is part of amount in controversy in determining jurisdiction.

4. Courts ⬦169(1)—Amended petition held not within jurisdiction of county court, where amount claimed with interest was more than $1,000 (Const. art. 5, § 16; Rev. St. 1911, art. 1764).

Amended petition, in action for damages for trespass, *held* not within jurisdiction of county court, in view of Const. art. 5, § 16 (Rev. St. 1911, art. 1764), where amount claimed with interest was more than $1,000.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Suit by Dan Hall against the Simms Oil Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

Thompson, Knight, Baker & Harris, of Dallas, and E. G. Lloyd, Jr., of Groesbeck, for appellant.

G. A. Walters, of Mexia, for appellee.

STANFORD, J. This suit was instituted by appellee against appellant in the county court to recover damages alleged to have been sustained by appellee by reason of appellant laying a pipe line through certain premises occupied by appellee under a lease contract; said damages being fully set out by appropriate allegations.

Under appellant's first assignment, the contention is made that the county court,

from which this appeal is prosecuted, had no jurisdiction, as the amount involved was in excess of $1,000. Appellee's original petition was filed February 5, 1925, and alleges, in substance, that on or about December 20, 1924, and subsequently on or about the first and second weeks of January, 1925, defendant entered his premises, left his gates open, damaged his fences, breaking the wires and posts, throwing same down and leaving same down, etc., causing his work stock to escape, etc., causing loss of time in recovering same, and the loss of the use or hire of his teams, etc., and alleged his damages, in substance, as follows: Expense of repairing fences, $20; expenses of recovering his work stock, which escaped by reason of said fences being torn down, $25. Appellee alleged further:

"Plaintiff further shows that said work teams were being by him used in working, for which he received valuable pay, and that, by reason of defendant's said unlawful trespassing and wrongful. acts aforesaid, plaintiff lost 4 days' service for said 16 teams of horses, which teams plaintiff alleges were earning for plaintiff the sum of $16 a day each, or a total of $256 for the 4 days' loss of time for said 16 teams of horses."

[1, 2] Plaintiff also claimed $100 damages to his oat crop. It will be observed that appellee made a mistake in calculating his loss of 4 days time for 16 teams at $16 a day each. This item alone should be $1,024, and, with the other items added, said amount would be $1,169. The county court has no jurisdiction when the amount in controversy exceeds $1,000, exclusive of interest. Constitution, art. 5, par. 16 (article 1764, R. S.). It is well settled in this state that the amount in controversy is not the amount prayed for, nor the amount stated generally in the petition, where the items going to make up the total value or damages are specifically stated and the aggregate sum thereof differs from the amount prayed for or stated generally. The total of the items specifically set out comprises the amount in controversy in case of such conflict (Pecos & N. T. Ry. Co. et al. v. Canyon Coal Co., 119 S. W. 294, 102 Tex. 478; Gulf, C. & S. F. Ry. Co. v. Hamrick [Tex. Civ. App.] 231 S. W. 166; Taylor v. Buzan [Tex. Civ. App.] 241 S. W. 1084; Armstrong v. Clayton [Tex. Civ. App.] 255 S. W. 1015), and it is immaterial that appellee calculated the damage for being deprived of the hire of 16 teams at $16 per day for each team for 4 days at $256, since the correct sum of this alleged loss was $1,024 and the total of the specific items alleged is $1,169, of which the county court was without jurisdiction. See Gulf, C. & S. F. Ry. Co. v. Hamrick, supra.

[3, 4] On August 20, 1925, appellee filed an amended petition, on which the case was tried. In this amendment he sought a recovery of the same items of damages; each item being for the same amount as in the original petition, except in the amendment he sought to recover for being deprived of the value of the services of 13 teams for 4 days at the rate of $16 per day, making a total amount of $977, and also lawful interest on the total amount, $977, from the date of the alleged injuries. Lawful interest, to wit, 6 per cent., on $977 from the alleged date of the injuries complained of up to the time this amended petition was filed amounted to $39.08, which, added to $977, makes a total amount of $1,016.08. It is the well-settled law of this state that the term "interest," as used in the Constitution and statutes fixing jurisdiction of the several courts, has a limited signification, and that in cases of this character a claim for interest is a part of the amount in controversy. Baker v. Smelser, 29 S. W. 377, 88 Tex. 26, 33 L. R. A. 163; Western Union Tel. Co. v. Nolen (Tex. Civ. App.) 77 S. W. 1031; Railway Co. v. Addison, 70 S. W. 200, 96 Tex. 61; Railway Co. v. Froome, 84 S. W. 1054, 98 Tex. 459; Texas & P. Ry. Co. v. Hunt & Co., 85 S. W. 1168, 38 Tex. Civ. App. 460; Fort Worth Stockyards Co. v. Witherspoon (Tex. Civ. App.) 166 S. W. 502; Railway Co. v. Rayzor, 125 S. W. 619, 58 Tex. Civ. App. 544. So the amount sought to be recovered in the amended petition was not within the jurisdiction of the county court. It is true appellee sought in his original petition to recover interest in addition to the items aggregating $1,169. If the aggregate of these items set forth in plaintiff's original petition, plus interest, had not exceeded $1,000, then it would have been immaterial, in so far as it affected the jurisdiction of the court to render judgment in the case, that the principal and accumulated interest recoverable as damages exceeded the jurisdiction of the court at the time of the filing of the amended petition upon which the case was tried; in other words, if the amount stated in the original petition in this case, including interest to the date of its filing, had not been over $1,000, then the filing of an amended petition later, in which the amount claimed, by reason of the further accumulation of interest sought to be recovered as damages, was increased to more than $1,000, would not have ousted the jurisdiction of the county court to render judgment for said increased amount. J. F. Siensheimer & Co. v. Maryland Motor Car Ins. Co. (Tex. Civ. App.) 157 S. W. 228. But in this case neither pleading of appellee stated an account within the jurisdiction of the county court, and said trial court never acquired any jurisdiction over the subject-matter of this suit.

We sustain appellant's first assignment, and reverse and remand this cause to the trial court, with instructions to dismiss same, unless by amended pleading said court's jurisdiction is properly invoked.