GALVESTON, H. & S. A. RY. CO. v. J. H. NATIONS MEAT & SUPPLY CO.

(Court of Civil Appeals of Texas. April 5, 1911. Rehearing Denied May 3, 1911.)

1. CARRIERS (§ 202*)—OVERCHARGES—PENALTIES—JURISDICTION.

Under Rev. St. 1895, art. 4575, authorizing any person injured by a railroad company doing a prohibitive act to sue for damages and for penalties, the penalty would not attach if plaintiff did not sue for it; and hence an action for overcharge merely is not one for penalties, and can be brought in the county court.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. § 202.*]

2. COMMERCE (§ 35*)—SHIPMENTS—OVERCHARGE—INTRASTATE.

Defendant undertook to transport cattle and ponies over its line from Marathon Station, Tex., to El Paso, Tex. The cattle and horses were delivered to plaintiff's agent and unloaded at the Union Stockyards at El Paso. Some of them were driven to plaintiff's ranch in El Paso county, and the remainder shipped to New Mexico over another line under new contracts. Defendant charged freight in excess of the amount prescribed by the Railroad Commission of Texas, and had no connection with the shipment after delivering them to plaintiff, or with the reshipment, but refused to make a through shipment. Held, that defendant was liable for the excess charge, as the shipment was intrastate so far as defendant was concerned.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 23, 26, 89; Dec. Dig. § 35.*]

3. COSTS (§ 260*)—DAMAGES FOR APPEALS TAKEN FOR DELAY.

Where plaintiff recovered judgment for excess charges for freight, and defendant appealed notwithstanding plaintiff's right of recovery had been clearly established by decisions of the state courts as well as those of the federal Supreme Court, the appeal will be regarded as having been taken for delay, and 10 per cent. damages will be added to the judgment.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action by the J. H. Nations Meat & Supply Company against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood and Beall & Kemp, for appellant. S. P. Weisiger and Bates McFarland, for appellee.

FLY, J. This is a suit to recover overcharges on a shipment of cattle and horses from Haymond, Tex., to El Paso, Tex. It was alleged that the shipment consisted of 32 cars of cattle and one car of ponies; that the rate fixed by the Railroad Commission was 14 cents a hundredweight, or $28 a minimum car of 20,000 pounds, while appellant charged 20 cents a hundredweight on minimum cars of 22,000 pounds, or $44 a car on the cattle and $50.60 for the car of ponies. The total overcharge claimed was $534.60. Appellant claimed that the shipment was an interstate one, being really a shipment from Haymond, Tex., to Magdalena, N. M., and that the shipment was not subject to the Railroad Commission of Texas, but to the Interstate Commission. There was judgment for the amount claimed.

[1] The suit was not for the penalties prescribed in article 4575, and was not based on that article, but was merely for the amount charged appellee over and above the rate allowed by the Railroad Commission of Texas.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

We do not think, as appellant insists, that the penalty would attach whether appellee sued for it or not, and we cannot agree that the jurisdiction of the county court would be defeated by the penalties attaching in spite of appellee, not seeking to recover them. Appellant cites the cases of Railway v. Sabine Tram Co., 121 S. W. 256, and Wood, etc., Cattle Co. v. Railway, 130 S. W. 857, as holding that the penalty attaches and can be recovered, although its recovery is not sought by the plaintiff. No such ruling was made in either of those cases for in each one it is stated that, in addition to overcharges, statutory penalties for such overcharge were prayed for.

The facts are that appellant made contracts with J. H. Nations at Marathon Station, in Texas, by which appellant agreed to transport 32 car loads of stock cattle and 1 car load of ponies over its line to El Paso, Tex., 15 cars of the cattle being consigned to J. H. Nations and 17 cars of the cattle, and the car of ponies being consigned to appellant at El Paso, Tex. J. H. Nations transferred his claim against appellant to the appellee. The cattle and horses were delivered to H. M. Patterson, agent for J. H. Nations and appellee, and they were unloaded into the Union Stockyards at El Paso, Tex. Some of the cattle and horses were then driven to appellee's ranch in El Paso county, and two or three days later the remainder were shipped to Magdalena, N. M., over the line of the Atchison, Topeka & Santa Fé Railway Company under new contracts. Appellant charged $1,458.60, which was $534.60 in excess of the amount prescribed by the Railroad Commission of Texas. Appellant had no connection with the cattle after delivering them to appellee at El Paso, and had nothing whatever to do with the reshipment of a portion of the horses and cattle over a railroad over which it has no control. On the other hand when appellee sought to ship the cattle through from Haymond to Magdalena, appellant refused to make a through shipment, on the ground that it did not want its cars to go off its system. Appellant does not own the Union Stockyards in El Paso, and exercised no control over the cattle after they were unloaded from its cars.

[2] The shipment was an intrastate one so far as appellant was concerned, and it could with the same force and effect claim that cattle shipped over its line become interstate shipments if they have been kept in El Paso 30 days or 6 months, as to claim that this is an interstate shipment. Appellant cannot evade its liability by showing what the intention of the shipper may have been as to the ultimate destination of the stock. It refused to make the shipment an interstate one, and it cannot shield itself behind such a shipment.

[3] The uncontroverted facts present a case of a common carrier refusing to accept the cattle and horses for shipment out of the state, of contracting to carry them between two points in the state, of a delivery to the owners, of demanding an extortionate and illegal rate of freight, of a new and independent shipment of some of the animals out of the state, under another and different contract, and then a claim on the part of appellant of the benefits of a shipment out of the state, which it had positively refused to make. Appellant voluntarily placed itself under the jurisdiction of the Railroad Commission, and then deliberately defied its authority and demanded exorbitant freight, and it must answer to the laws of Texas for its dereliction of duty. The rule is so clearly laid down by the Supreme Court of the United States in the case of the Gulf, Colorado & Santa Fé Railway v. State of Texas, 204 U. S. 403, 27 Sup. Ct. 360, 51 L. Ed. 540, and by the Courts of Civil Appeals and Supreme Court of Texas, that there is no room for a difference of opinion in regard to the matter. Railway v. State, 97 Tex. 274, 78 S. W. 495; Railway v. Taylor (Tex. Sup.) 126 S. W. 1117; Railway v. Tram Co., 121 S. W. 256; Wood, Hagenbarth Cattle Co. v. Railway, 130 S. W. 857. In the cited case of Railway v. Taylor the facts were almost identical with the facts in this case. The Supreme Court said: "It is claimed that Taylor had the intention when he ordered the cars and when he made the shipment to carry the stock into Mexico. Therefore it was a foreign shipment, and the statute giving the penalties does not apply. Taylor ordered the cars in which to ship his stock to El Paso. The bill of lading bound the Texas & Pacific Railroad Company to carry the stock to El Paso, and there deliver them to Taylor. The stock was carried to El Paso, and there delivered to Taylor, and by him subsequently shipped by another railroad into Mexico. When the plaintiff in error delivered the stock to Taylor in El Paso, its contract had been fully complied with, and its liability terminated. This was purely and simply an intrastate shipment." Although the facts are so similar in this case to the facts in that, the evidence is strongly against appellant, because it positively refused to make this an interstate shipment. There are no grounds whatever for an appeal, which was taken in the face of the decisions of the highest courts, and it cannot have been taken for any reason except for delay, and appellee suggests that as the reason for the appeal.

The judgment is affirmed, with 10 per cent. damages on the amount of the judgment of the county court for delay.