### GREAT EASTERN CASUALTY CO. v. ANDERSON. (No. 927.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 16, 1916. Rehearing Denied March 1, 1916.)

APPEAL AND ERROR ⬥══54 — COURT OF CIVIL APPEALS—JURISDICTIONAL AMOUNT—INTEREST—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4977, providing that on all written contracts ascertaining the sum payable when no specified rate of interest is agreed upon by the

parties to the contract, interest shall be allowed at the rate of 6 per cent. per annum from the time the sum is due and payable, the Court of Civil Appeals had no jurisdiction of an appeal from the judgment of a county court for plaintiff suing for disability indemnity due under a policy amounting to $100, exclusive of interest, on which plaintiff prayed interest, since interest upon plaintiff's demand was interest eo nomine, and not interest as damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 175; Dec. Dig. ☞54.]

Appeal from Lubbock County Court; E. R. Haynes, Judge.

Action by J. W. Anderson against the Great Eastern Casualty Company. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

R. A. Sowder, of Lubbock, for appellant. Benson & Spencer, of Lubbock, for appellee.

HENDRICKS, J. Anderson, the appellee, sued the Casualty Company, appellant, upon a policy of accident insurance, providing for a weekly benefit of $25, for disabilities resulting from injuries produced by accidental means, it not being necessary to detail the provisions and exceptions in said policy.

Plaintiff's written cause of action in the justice and county courts asked for indemnification for 26 days' disability only, but in reality pleaded 28 days' disability, at the rate of $25 per week, amounting to $100 exclusive of interest; and, upon the matter of jurisdiction, we are conceding argumentatively that the averments and the demand are controlled by the case of P. & N. T. Ry. Co. v. Coal Co., 102 Tex. 479, 119 S. W. 294, as to the real "amount in controversy."

The contested issue of jurisdiction, the subject-matter amounting to $100, arises upon the character of contract—whether interest upon that sum, produced by the contract and the demand, as prayed for by appellee, is to be regarded as interest eo nomine, or interest as damages.

The statute prescribes (article 4977):

"On all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six per cent. per annum from and after the time when the sum is due and payable."

The Court of Civil Appeals of the Second District, in the case of Carter Grocery Co. v. Day, 144 S. W. 365, had under consideration a contract, whereby the grocery company agreed to pay Day, as salesman, the sum of $125 per month, Day suing the grocery company for a balance on salary due under the terms of the contract. The petition, filed in the county court, averred a failure to pay even $1,000, and the Court of Civil Appeals said that it was apparent that the contract sued on "ascertained the sum payable," and hence the interest allowable under the contract was controlled by the statute quoted, and was interest eo nomine,

and not interest as damages, holding that the county court had jurisdiction, under the allegations of the amount in controversy, for the sum of $1,000, resulting from the breach. Application for writ of error was dismissed by the Supreme Court. We are unable to distinguish that case, upon principle, from the contract, and the allegations upon the same, in this case, though we are inclined to think that the case of McNeill v. Casey, 135 S. W. 1131, cited by appellant, is in conflict, upon principle, with the Carter Grocery Co. Case. The petition in the grocery company case having been filed for a demand of even $1,000, if the interest, as damages, had been allowable, it is clear that the district court of Tarrant county would have had exclusive jurisdiction, and the county court would not have had concurrent jurisdiction. The question of jurisdiction was a controlling one in that case. If the district court of Tarrant county would have had exclusive jurisdiction, and the county court would have been devoid of jurisdiction, it seems inevitable that the Supreme Court would have considered the application for the writ and granted the same, instead of dismissing it, for the reason that it was a district court case exclusively, and involved a constitutional question of jurisdiction.

The contract considered by the court in that case, though of a different kind, is so analogous, as stated, to the contract in this case that, upon the influence of that case we regard the interest, according to the statute quoted as applicable to the contract, as interest eo nomine upon the amount sued for, and not as damages. The contract is one "ascertaining the sum payable." Hence the amount, in any event, being only $100, with interest eo nomine, this court is without jurisdiction, and the appeal is dismissed.