FEDERAL LIFE INSURANCE COMPANY OF CHICAGO v. GEORGE KRITON.

No. 3754.     Decided March 21, 1923.

(249 S. W., 193.)

**1.—Insurance—Indemnity for Disability—Interest.**

An insurance policy indemnifying the assured against disability from sickness by securing payment of a fixed weekly sum while totally disabled and a fixed amount for medical attention where a surgical operation became necessary, was a written contract ascertaining the sum payable, on which interest at six per cent, in case none is specified, is recoverable by article 4977, Revised Statutes. The fact that the contract provides the conditions on which liability depends and fixes a measure by which the sum payable can be ascertained is sufficient to render the contract one to which the statute applies, though it be necessary to go outside the contract in order to definitely ascertain the sum payable. (p. 535).

**2.—Same—Amount in Controversy.**

Interest which is expressly given by statute is recoverable *eo nomine,* and not as a part of the damages. Where indemnities recovered for disability from sickness, under an insurance policy securing same, were for the amount of $100, interest allowed thereon at six per cent was recoverable by virtue of article 4977, as interest *eo nomine,* and did not enter into the amount in controversy necessary to give the Court of Civil Appeals jurisdiction under article 1598, Revised Statutes. (pp. 534-536).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from the County Court of Tarrant County.

The Supreme Court, having referred the questions to the Commission of Appeals, Section A, for their opinion thereon, here adopts same as its answer to such questions.

*S. C. Rowe,* and *Moses, Rowe & Braley,* for appellant.

Appellant contends that article 4977 does not apply to the character of contract here involved, and we believe the contention is

supported by the following cases: McNeal v. Casey, 135 S. W., 1130; Bell v. Gerlach, 205 S. W., 470; Moser v. Tucker, 195 S. W., 259.

The Court of Civil Appeals at Galveston approved and followed the holding in the case of McNeal v. Casey in a suit growing out of breach of a contract to pay an agreed sum as compensation to an agent for effecting a sale of certain real estate. Robinson v. Lingner, 183 S. W., 850.

*Burns, Christian, Gumm & Gordon,* for appellee.

Neither the amount in controversy nor the judgment rendered by the County Court in this case exceed the sum of $100.00, exclusive of interest and costs. The amount of interest provided for in the judgment was interest *eo nomine* and should not be considered in calculating the amount involved in this suit. This proposition is sustained by the following authorities: Carter Grocer Co. v. Day, 144 S. W., 365; Great Eastern Casualty Co. v. Anderson, 183 S. W., 802; Fort Worth State Bank v. Little, 168 S. W., 55.

. MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case comes to the Supreme Court on Certified Questions from the Court of Civil Appeals for the Second Supreme Judicial District.

Appellee George Kriton filed suit in the Justice Court of precinct number One, Tarrant County, against the Federal Life Insurance Company, on a disability policy which provided for the payment at the rate of twenty-five dollars per week for one day or more, in case of confining illness and total disability, and further provided for the payment of twenty-five dollars for an operation for varicocele, if weekly indemnity for illness should amount to as much as fifty dollars. Appellee alleged that on account of illiness, he was totally disabled and under the treatment of a physician for three weeks, for which he claimed $75.00, and that he had undergone an operation for varicocele, for which he claimed $25.00. He prayed for "judgment for one-hundred dollars, with costs of suit, and such other and further relief in law and equity as he may be justly entitled to."

In the Justice Court appellee recovered judgment for $100.00, with interest at six per cent from date of trial, and on appeal to the County Court judgment was rendered in his favor for $100.00, with six per cent interest from date of trial in the Justice Court.

The case is pending in the Court of Civil Appeals on a motion to dismiss for want of jurisdiction; and that court has certified for answer the following questions:

"1.   In the instant case, is the interest included in the judgment interest *eo nomine* or interest as damages?

"2.   Even though you should hold that the interest is not interest *eo nomine,* but as damages, would we be authorized, in view of the failure of the plaintiff in the court below to specifically pray for interest, to require a remittitur as a condition of the dismissal of the writ of error?"

The jurisdiction of the Court of Civil Appeals as to cases originating in the Justice Court is confined to cases in which "the judgment, or amount in controversy, or the judgment rendered shall exceed one-hundred dollars, exclusive of interest and cost." Art. 1589 Vernon's Sayles' Texas Civil Statutes.

The "interest" meant by the foregoing provision is interest expressly given by statute, frequently designated as interest *eo nomine,* and not interest sometimes allowed as part of the damages or by way of indemnification.   Baker v. Smelser, 88 Texas, 28, 33 L. R. A., 163, 29 S. W., 377.   To state the question concisely: If the interest allowed in the present case is interest *eo nomine,* the Court of Civil Appeals has no jurisdiction of the case.

If interest, as such, is allowable in the present case, it is by virtue of Article 4977 of the statute, which is as follows:

"On all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six per cent per annum from and after the time when the sum is due and payable."

The real question for decision is this: Is the written contract in this case one "ascertaining the sum payable," as meant by the statutes?   Appellant contends that it is not, because it became necessary for appellee, among other things, to show by proof whether or not his sickness was confining, the number of days or weeks he was confined by such illness, whether constantly under a doctor's care or not, and that the illness was not one excepted under the terms of the policy, and that he had actually undergone an operation of the character claimed by him.   In other words, it is appellant's contention that it became necessary to go outside the contract in order to definitely ascertain the sum payable.   He relies on the cases of McNeill v. Casey, 135 S. W., 1130; Moser v. Tucker, 195 S. W., 259; Bell v. Gerlach, 205 S. W., 470; Robinson v. Lingner, 183 S. W., 850.

No case squarely presenting the precise question to be determined has reached the Supreme Court.   If the question has been considered by that court, it was so considered in passing on the petition for writ of error in Carter Grocery Company v. Day, 144 S. W., 365, which petition was dismissed for want of jurisdiction.   In addition to that case, the cases of Great Eastern Casualty Co. v. Anderson, 183 S. W., 802; American National Insurance Co. v. Fulghum, 177

S. W., 1008; Nueces Hotel Co. v. Ring, 217 S. W., 255; Escue v. Hartley, 202 S. W., 159; and Ewalt v. Holmes, 165 S. W., 39, involved written contracts somewhat similar to the one under consideration here; and they were held to be such as were meant by the statute.

We have reached the conclusion that the contract in this case is one "ascertaining the sum payable" in contemplation of the statute. The conditions and requirements suggested by appellant's counsel as making the sum payable under the contract uncertain, relate more to the question of liability or the time actual liability attaches, rather than to the amount payable, if liability existed. Giving to the statute a liberal interpretation, as we think should be done, it is our opinion that the words "ascertaining the sum payable" have reference to the sum or amount the party executing the obligation may be reasonably expected or required to pay, in view of all the circumstances incident to the matter or business he is contracting about, if by reason of the provision of the contract he becomes at any time liable to pay thereunder; and it is not necessary in a case like the present one that the contract shall itself establish a fixed liability in a definite amount as of a date certain. It is sufficient to come within the meaning of the statute if the contract provides the conditions upon which liability depends and fixes a measure by which the sum payable can be ascertained with reasonable certainty, in the light of the attending circumstances. We think the statute should be construed as applying to contracts where, in case of liability arising from contingencies occurring after its execution, the obligor is furnished the means or opportunity of ascertaining with reasonable certainty the extent of liability or the sum he may be expected to pay. The contract under consideration is of that kind. There is no uncertainty as to the indemnity contracted for. The policy no doubt made adequate provisions by which the insurance company was advised, by such proof as was required by it, of the extent it was called upon to make good its contract of indemnity. The measure of liability is accurately provided by the policy. When once the extent of such liability is established, by the proof required to be submitted under the terms of the policy, or by a judicial determination of that question, the result is exactly the same. Interest would follow as "damages," regardless of the statute, or it follows by reason of the statute. Interest is defined by statute to be "compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." In the present instance, when the full sum payable under the policy was definitely ascertained, by the trial in the Justice Court, or in the County Court (if the required proof had not theretofore been furnished), as long as the same remained unpaid there was a "detention of money,"

and the statute attached to the obligation the condition that is should bear the legal rate of interest. The company had the right to contest the question of ultimate liability, but such contest did not change the nature of the obligation. It might have defeated all liability, but if it did not, then there is additional equity in the requirement of the statute that interest shall be allowed on the amount payable.

The interest allowed by the judgment was an integral part of the principal obligation by reason of the statute, and was not damages.

We therefore answer to question No. 1 that such interest was interest *eo nomine*.

This makes it unnecessary for us to answer question No. 2.

### BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.