BUNKER PRINTING PRODUCTS CORPORATION v. McCALL. (No. 12055.)

Court of Civil Appeals of Texas. Fort Worth. June 9, 1928.

Courts ⊚═169(4)—Action for five months' rent under written contract at $200 a month and "interest" held within county court's discretion (Rev. St. 1925, arts. 1950, 5070).

Action to recover five months' rent at $200 a month and interest, under written rental contract, in which judgment was rendered for $1,027, $1,000 of which was for principal and balance as interest, *held* within jurisdiction of county court, under Rev. St. 1925, art. 1950; interest recovered under article 5070 being interest eo nomine, not interest recoverable as damages.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (on Money).]

Appeal from Tarrant County Court; David McGee, Judge.

Action by J. S. McCall against the Bunker Printing Products Corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

A. A. Diehl, of Fort Worth, for appellant.
A. J. Clendenen, of Fort Worth, for appellee.

BUCK, J. This appeal involves only one major question, the jurisdiction of the trial court. Suit was filed in the county court at law No. 1 of Tarrant county for five months' rent of a building owned by plaintiff and occupied by defendant, at $200 a month, and interest. Judgment was rendered for $1,027; $1,000 being for principal, the balance as interest. Suit was filed June 24, 1927; judgment was rendered December 10, 1927. The trial court allowed interest from each unpaid monthly rental, from its due date, at 6 per cent. per annum. Plaintiff was entitled to interest at the legal rate on each unpaid installment of rent from its due date to date of judgment. The rental contract being in writing, article 5070, Rev. Civ. Statutes 1925, applies, which reads as follows:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent. per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made."

Under the heading of "Powers and Jurisdiction of County Courts," article 1950 reads as follows:

"The county court shall have concurrent jurisdiction with the district court when the matter in controversy shall exceed five hundred and not exceed one thousand dollars, exclusive of interest."

This is interest eo nomine, not interest recoverable as damages. See Carter Gro. Co. v. Day (Tex. Civ. App.) 144 S. W. 365; Schulz v. Tessman & Bro., 92 Tex. 488, 49 S. W. 1031; Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S. W. 193. Therefore the judgment of the trial court is affirmed.

Appellee having filed a motion to affirm with 10 per cent. damages for delay, to which motion appellant has filed no reply, said motion is granted, and the judgment is affirmed, with 10 per cent. damages for delay.