### BRADY MUT. LIFE INS. ASS'N v. SHANK.
### No. 7921.

Court of Civil Appeals of Texas. Austin.

Jan. 10, 1934.

Shropshire & Sanders, of Brady, for appellant.

Lee & Muse, of Brownwood, for appellee.

McCLENDON, Chief Justice.

Suit upon a mutual aid association beneficiary certificate for $200 (two-tenths the face value of the certificate), and interest, for permanent disability through loss of the use of one hand, under the following certificate stipulation: "Should said member become permanently disabled by loss of one eye, or the use of one foot or one hand he shall receive two-tenths the face value of this certificate, additional, unless death should result from said accident."

The suit was brought in the justice court, where judgment was rendered for the insured for $200, plus interest, amounting at the date of the judgment to approximately $24. Upon appeal by the insurer to the county court, the judgment was for the insured for $200, with interest only from date of judgment in that court. The costs of the county court were taxed against the insured and of the justice court against the insurer. The latter has appealed.

Two assignments of error are presented, urging the following points:

(1) The interest sued for was not eo nomine, but a part of the damages claimed, and therefore the amount in controversy exceeded the jurisdiction of the justice court.

(2) The evidence was insufficient to support a finding of total permanent loss of the use of the hand.

It has been the uniform holding of the courts of this state that insurance contracts fixing the amount of liability come within the purview of article 5070, R. C. S., and therefore interest on such stipulated amount is eo nomine, and not to be taken into consideration in determining the jurisdictional amount involved.

While some diversity of view existed formerly among some of the Courts of Civil Appeals with reference to the application of this statute to certain characters of written contracts, the decisions are uniform as regards the recoverable amount expressly contracted for in contracts of insurance. The exact point was involved in Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S. W. 193, the effect of which was to set at rest the conflicts above noted. That case is on all fours with the instant case, and there are numerous others to the same effect. In the more recent case of Wonderful Workers of World Benev. Ass'n v. Bookman (Tex. Civ. App.) 29 S.W. (2d) 890, the authorities upon this subject are collated.

As to the second assignment, we quote from appellant's brief: "We will waive the assignment based upon the insufficiency of the evidence, because if the case has to be retried, we think we can develop that more fully under a later trial."

414

Notwithstanding this waiver, we have carefully read the entire statement of facts, in view of the cross-assignment of appellee, noted below. There is not a scintilla of evidence to support this assignment. The only witnesses in the trial were the insured and his physician, and each testified positively and unequivocally to a total permanent loss of the use of the hand. Appellant introduced no evidence to the contrary, and did not even cross-examine the witnesses on this point.

Appellee by cross-assignment of error has requested that the case be affirmed with damages under article 1860, R. C. S., authorizing 10 per cent. on the amount in dispute as damages "where the court shall find that an appeal or writ of error has been taken for delay." The statement of the rule in 3 Tex. Jur. p. 1138, "that damages may be awarded where the appeal is based upon questions so well settled that there is no reasonable ground upon which to base the appeal except for delay," is amply supported by authority. Adams v. Jordan (Tex. Civ. App.) 136 S. W. 499; G., H. & S. A. R. Co. v. Supply Co. (Tex. Civ. App.) 136 S. W. 833; Magill v. Goshorn (Tex. Civ. App.) 153 S. W. 185 (error refused); T. & P. R. Co. v. Erwin (Tex. Civ. App.) 180 S. W. 662; Barnes v. Rushing (Tex. Civ. App.) 5 S.W.(2d) 777.

This case is brought squarely within this rule; the application of which here, however, could in no way work a hardship upon appellant, for the reason that appellee was entitled as a matter of law to recover interest and costs of the county court, which items exceed the damages sought. This issue, however, is not presented by cross-assignment.

The trial court's judgment is affirmed; and appellant is additionally assessed $20 (10 per cent. of the principal amount of the judgment below) as damages.

Affirmed, with damages.