## FEDERAL UNDERWRITERS EXCHANGE v. SMITH.

### No. 10763.

Court of Civil Appeals of Texas. San Antonio.

Nov. 13, 1940.

Rehearing Granted Dec. 11, 1940.

Battaile & Burr, of Houston, and Brown & Bader, of Edinburg, for plaintiff in error.

Crane & Glarner, of Raymondville, for defendant in error.

SMITH, Chief Justice.

In this workmen's compensation case, originating in a justice of the peace court upon plaintiff in error's appeal from an award of the Industrial Accident Board,

Delmar H. Smith was the employee and Federal Underwriters Exchange the insurance carrier.

Smith filed his cross-petition and obtained judgment against the insurance company in the justice of the peace court, and on appeal in the county court, for $200 plus interest from the date of the award of the Industrial Accident Board for a like amount. The insurance company perfected its appeal to this Court, but has done nothing towards prosecuting it except to timely file transcript of the record here.

Defendant in error has now filed motion to affirm with 10 per cent damages for delay, under Arts. 1857 and 1860, R.S. 1925, thereby requiring this Court to search the record for error, and, if any be found, to reverse the judgment. 3 Tex.Jur. § 799.

We have carefully inspected the record and on rehearing conclude that no error is apparent therefrom. We held in the original disposition upon our own motion and through no default of defendant in error that the justice of the peace court was without original, and the county court and this Court without appellate, jurisdiction over the subject matter of defendant in error's cross-action, to-wit: A suit by the employee to recover $200 statutory workmen's compensation upon the contract of the insurance carrier, with 6% interest from the date of the employee's injury. We held, before, that the character of interest prayed for was in the nature of damages, and not eo nomine, and should be added to the principal sum prayed for in determining the amount in controversy for jurisdictional purposes. In that holding we are now convinced we were in error.

The jurisdiction of justice of the peace courts is restricted by the Constitution to suits wherein the "amount in controversy is two hundred dollars or less, exclusive of interest." Vernon's Ann.St.Const. Art. 5, § 19; Art. 2385, R.S. 1925.

■ It is settled law that in determining the amount in controversy for jurisdictional purposes, interest as damages must be added to the principal sum sued for; whereas, if interest eo nomine is sued for, it is not added to the principal sum, or considered in ascertaining the amount in controversy for jurisdictional purposes. 3 Tex.Jur. § 43.

■ So it is now settled that in suits to recover money upon written contracts from the provisions of which the amounts of liability thereunder are ascertainable, interest on the amount recovered shall be allowed at the rate of 6 per cent per annum from the date the debt accrues, as interest eo nomine. Art. 5070, R.S.1925. Federal Life Insurance Company v. Kriton, 112 Tex. 532, 249 S.W. 193.

An insurance contract, such as required in workmen's compensation cases, from the provisions of which the amounts payable thereunder are ascertainable therefrom, is within the contemplation of the statute. Federal Life Ins. Co. v. Kriton, supra; Consolidated Underwriters v. Saxon, Tex. Com.App., 265 S.W. 143.

■ These conclusions bring this case within the rules stated and defendant in error's suit for $200 and interest on that suit from the date the cause of action accrued was within the jurisdiction of the justice of the peace court, in that the interest prayed for was interest eo nomine and not as damages, and did not affect jurisdiction.

■ There being no error apparent from the record, and it being obvious that the appeal was frivolously perfected for delay only, defendant in error's motion for rehearing and for 10 per cent damages for delay will both be granted and the judgment affirmed with damages as prayed for. The original opinion will be withdrawn and this substituted therefor.

Affirmed, with damages.