## ARCADIA REFINING CO. et al. v. COOK et al.

### No. 5681.

Court of Civil Appeals of Texas. Texarkana.

Dec. 18, 1940.

Rehearing Denied Jan. 16, 1941.

768

Clower, Bezoni & Wilson, of Tyler, for appellants.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, Lee & Porter, of Longview, D. E. Killam, of Tyler, John S. Morris and McGown, McGown, Godfrey & Logan, all of Fort Worth, Turner, Seaberry & Springer, of Eastland, and Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellees.

HALL, Justice.

Mrs. Alice Cook, guardian of the estate of Guy V. Lewis, Jr., a minor, plaintiff below and a plaintiff in error, instituted this suit in the District Court of Smith County against appellants and appellees, defendants below, and numerous other persons not parties to this appeal, for an alleged balance due said minor of the purchase price, represented by an oil payment, for the assignment of an oil and gas lease covering two 10-acre tracts of land designated as tracts No. 1 and No. 2. It was alleged, and the court below so found, that Guy V. Lewis, Jr., was the owner of a $15\%_{32}$ interest in the balance of said purchase price; that Mrs. Sue L. Hueners was the owner of a like interest in said balance, and that East Texas Refining Company and Frank R. Foster, Inc., were each owners of an undivided $\%_{32}$ interest in said balance. Mrs. Sue L. Hueners, East Texas Refining Company and Frank R. Foster, Inc., were named as defendants in this suit, but adopted the pleadings of Mrs. Alice Cook, Guardian, and with her became plaintiffs in the court below and plaintiffs in error here.

Trial was to the court without a jury and resulted in a judgment for plaintiffs in error for $6,603.04, the balance due on the purchase price for the assignment of the oil and gas lease covering the two 10-acre tracts of land, and fixed this amount as a charge against the several parcels of land involved herein, as will be discussed more fully later in this opinion. There are few disputed facts in this record. As said in appellee's brief, "the principal controversy was between defendants (in the court below) as to who was to pay this balance of $6,603.04."

In the cause of Frank R. Foster et al. v. Mrs. Sue L. Lewis et al., No. 3007-A, in the District Court of Smith County, Ernest Goens was appointed receiver, and on September 5, 1931, took charge of the oil and gas leasehold estate covering the two 10-acre tracts involved herein. On October 24,

1931, Goens assigned to Barney Carter the oil and gas lease covering the two 10-acre tracts of land and "As a part of the consideration for the execution and delivery of this assignment and the sale and conveyance evidenced hereby, the assignee herein agrees to pay to Ernest S. Goens, receiver and to his successor or successors or assigns for the benefit of the beneficiaries the sum of Seventy five thousand dollars ($75,000.00) payable out of three-eighths ($\frac{3}{8}$) of seven-eighths ($\frac{7}{8}$) part of the total gross production of the first oil and/or gas produced from the premises herein conveyed if, as and when produced and sold, until $20,000.00 of said amount of $75,000.00 shall have been so paid, then the remaining $55,000.00 of said $75,000.00 payment to be payable only out of $\frac{1}{4}$ of $\frac{7}{8}$ of the total gross production of all the oil and/or gas produced, * * *."

It is the balance of this oil payment plaintiffs in error seek to recover. Barney Carter on November 25, 1931, assigned to Liner, Inc., 2 acres off the West end of Tract No. 1, which 2 acres adjoined a 2.15-acre leasehold already owned by Liner. A part of the consideration for the 2-acre assignment was the " * * * assumption of payment by assignee of Seventy Five Hundred ($7,-500.00) Dollars to Ernest S. Goens, Receiver, in the cause of Frank R. Foster et al. v. Mrs. Sue L. Lewis et al., No. 3007-A in the District Court of Smith County, Texas, his successors and assigns; the said $7,500.00 being the pro rata part due by assignor to the said Receiver on the purchase price of the lease assigned to him by said Receiver; said $7,500.00 to be paid to said Receiver out of $\frac{1}{8}$ of the $\frac{7}{8}$ of the first oil produced and saved and as, if, and when produced from a well now being drilled on the 2.15 acres of land out of the northwest corner of 67.8-acre tract. * * *"

Said assignment also contains the following provision: "It is further provided that in the event a well should be drilled on the aforesaid two-acre lease, then this assignment and conveyance is subject to the terms and conditions contained in the assignment executed by Ernest S. Goens, Receiver, to Barney Carter, in the cause of Frank R. Foster et al. v. Mrs. Sue L. Lewis et al., being No. 3007-A in the District Court of Smith County, Texas, and said assignment covering the West ten acres of the J. R. Green 67.8-acre tract and the north ten acres of the W. R. Wolford 67.8-acre tract."

On the same date of the 2-acre assignment, Barney Carter assigned the oil payment recited therein to Goens, receiver, to be applied on the original $75,000 purchase price for the leasehold covering the two 10-acre tracts. Also in further compliance with the terms of this 2-acre assignment, early in 1932 Liner, Inc., fixed an oil payment against the 2.15-acre tract in the sum of $7,500 in favor of Goens, receiver, payable out of $\frac{1}{8}$ of $\frac{7}{8}$ of the first oil production from said tract. Goens, by order of the District Court of Smith County, later re-assigned to Barney Carter the unpaid balance of this $7,500 oil payment and assigned the unpaid balance of the $75,000 oil payment, evidencing the consideration for the leasehold covering the two 10-acre tracts of land, to plaintiffs in error herein in the proportion of their admitted ownership.

Hall Walker, A. S. Genecov, and Sam Roosth and his seven sons, now own the $\frac{7}{8}$ oil and gas leasehold covering the 2-acre and the 2.15-acre tracts, and are appellees herein. Barney Carter, Arcadia Refining Company, Arcadia Beeline Company, own and operate the oil and gas leasehold covering the two original 10-acre tracts, less the 2 acres, and are appellants. Plaintiffs in error and appellants each prosecuted separate appeals which have been consolidated in this court. Appellants' assignments of error will be treated first.

Appellants' first proposition is:

"The assignment under which the Appellees, Hall Walker, A. S. Genecov and Sam Roosth, held title to two acres out of an oil and gas lease covering a twenty-acre tract encumbered with an original oil payment of Seventy-five Thousand Dollars, which contains the following provisions: 'It is further provided that in the event a well should be drilled on the aforesaid two-acre lease, then this assignment and conveyance is subject to the terms and conditions contained in the assignment executed by Ernest S. Goens, Receiver, to Barney Carter, in the cause of Frank R. Foster et al. v. Mrs. Sue L. Lewis et al., being No. 3007-A, in the District Court of Smith County, Texas, and said assignment covering the west ten acres of the J. R. Green 67.8-acre tract and the north ten acres of the W. R. Wolford 67.8-acre tract' was sufficient to encumber the oil and gas lease covering the two-acre tract out of the original twenty-acre tract, as assigned, with its proportionate part of the Seventy-five Thousand Dollar oil payment which existed

as against the whole of the said twenty-acre tract out of which the two acres were so assigned."

The second proposition restates the same provision of the 2-acre assignment set out in Proposition 1, and asserts that said provision, "If insufficient within itself to require that such 2-acre tract bear its proportionate 2/20 of the $75,000 oil payment, was sufficient within itself to admit parol evidence as to the intention of the parties that such 2-acre tract was to bear 2/20 of the $75,000 in the event a well was drilled on said 2-acre tract." Proposition 3 asserts that the provision copied in Proposition No. 1 above, "If insufficient to admit parol evidence, was sufficient to require that such assigned portion pay 2/20 of the original $75,000 and was sufficient to require that such 2-acre tract bear its proportionate part of the unpaid balance of the oil payment after the well was drilled on such 2-acre tract." The court below evidently entertained the view asserted last above for in the judgment it is found as a fact: "That the total consideration to be paid by the said Liner, Inc., its successors and assigns, for said last above-mentioned assignment of the oil and gas leasehold estate covering said west 2 acres of said Tract No. 1 was $7,500.00 and that same was to be paid either from said west 2 acres in accordance with the terms of the assignment from Ernest S. Goens, receiver, to said Barney Carter, or from the 2.15-acre tract described in the assignment from Liner, Inc., to Ernest S. Goens, receiver, or from both of said tracts; and that said $7,500.00 so paid from either or both of said tracts should be contributed to the extinguishment of $7,500.00 of said $75,-000.00 oil payment."

The judgment then decrees that "there is a remainder of $6,603.04 owing (to plaintiffs in error) on said $75,000 oil payment as of September 1, 1937, * * *" and to fully liquidate and discharge said oil payment of $75,000 the parties plaintiff (plaintiffs in error) "should recover in the proportion of their ownership an additional $1,248.70 from said 2.15-acre tract * * * $3,245.36 from said 2-acre tract * * * $1,054.30 from tract No. 1, less said 2 acres * * * and $1,054.68 from tract No. 2."

In effect it is the contention of appellants that the consideration to be paid by Liner, Inc., for the assignment of the 2-acre lease was to be $15,000 in the event a well was drilled on the 2 acres. The court below permitted Barney Carter, one of appellants,

and a party to the 2-acre assignment, to testify that at the time he assigned the 2-acre leasehold to Liner, Inc., it (Liner) owned a 2.15-acre lease adjoining the 2 acres upon which it could not secure a drilling permit and that it was mutually understood by him and Liner, Inc., that the $7,500 agreed to be paid to Goens, receiver, by Liner, Inc., was for protection of Guy V. Lewis, Jr., from drainage. Carter also testified:

"Q. Did you have any agreement with him (Liner) what the 2 acres would pay if it later developed that he would drill it? A. He (Liner) agreed with me that if it were drilled, that I could collect from the Guy Lewis receivership its part of the 20-acre lease charged from the Guy Lewis receivership to us, which was $7,500.00.

"Q. Did you understand by that agreement, or was it your understanding that it was to pay for production part or for the $7,500 from that 1/4? A. Yes, sir; if it were drilled."

This witness further testified that if he (Liner) ever drilled on the 2-acre tract he was to pay the full consideration therefor. Also as bearing upon the question of the true consideration of the 2-acre assignment, the court below permitted the introduction in evidence of the assignment of Liner, Inc., to Ernest Goens dated June 30, 1932, wherein, in part, it is provided: "It is understood and agreed that this $7,-500.00 is to be payable out of the 2.15 acres above described, and is to be run to Ernest S. Goens, Receiver, in payment for 2 acres off the W. end of a 10-acre tract of land conveyed by Ernest S. Goens, Receiver to Barney Carter, and when the $7,500.00 has been paid to Ernest S. Goens, Receiver, there is to be executed a release to said Barney Carter covering the West 2 acres of the 10-acre tract conveyed in which the said Barney Carter agreed to pay Ernest S. Goens, Receiver, the sum of $3,750.00 per acre."

And further as bearing on the question of the true consideration, as mutually understood by the parties to the 2-acre assignment, the court below permitted the introduction in evidence of the application of Ernest Goens, Receiver, to reassign to Barney Carter the unpaid portion of the $7,500 oil payment set out in the 2-acre assignment. The pertinent part of the said application is: "Whereas, it was the understanding by and between the receiver and the said Barney Carter at the time of the execution of said oil payment, that the

proceeds from same should be applied towards the payment of said Seventy-Five Thousand ($75,000.00) Dollar oil payment then held by said receiver against said two ten-acre tracts, and that, if and when the west portion of the W. R. Wolford lease was drilled and protected against drainage that the remaining unpaid part of Seventy-Five Hundred ($7,500.00) Dollars oil payment should then, and in that event, be by the receiver reassigned to Barney Carter. In this connection, your receiver would show to the court that since the execution of said assignment, there has been two additional wells drilled by the said Barney Carter on the said W. R. Wolford ten-acre tract, making a total of three producing wells on said tract, and in addition thereto the said Barney Carter has drilled, equipped and completed three wells on the Green ten-acre tract. That, in the opinion of your receiver, six wells on said two tracts afford ample and sufficient drainage to properly protect said property, and retire said oil payment within a reasonable time."

This reassignment was made to Carter some eighteen months before a well was drilled on the 2-acre lease.

■■ Conceding that the testimony of Carter and the two instruments introduced by him were admissible as bearing on the consideration to be paid for the 2-acre assignment as mutually understood by the parties thereto, still such evidence was not of such a conclusive nature as to preclude a finding by the trial court, as a trier of the facts, that the sum of $7,500 constituted the whole consideration of said assignment and that said consideration was payable out of the oil produced and saved from either or both the 2-acre and the 2.15-acre tract. This conclusion is warranted by the evidence. Furthermore, this record reflects that Carter was an interested witness and his testimony is not clear with respect to the purchase price to be paid for the 2-acre lease assignment, so the trial court was not bound by his testimony though uncontradicted. Sturtevant v. Pagel, 134 Tex. 46, 130 S.W.2d 1017; Commercial Standard Ins. Co. v. Bank of Vernon, Tex. Civ.App., 142 S.W.2d 621, writ dismissed. It was within the peculiar province of the trier of the facts, in this instance the trial judge, "to examine such testimony in the light of all the facts and circumstances of the case, and to give such weight to the same as [he] may consider proper." Gulf, C. & S. F. Ry. v. Davis, Tex.Civ. App., 225 S.W. 773, 775; Miller v. Himebaugh, Tex.Civ.App., 153 S.W. 338, writ refused; 41 T.J. 1248, §§ 378, 379. We think it pertinent to state here that the court below in the judgment did not decree against appellants' the amount due plaintiffs in error from the 2-acre lease, but only those proportionate amounts due by Carter personally, as collected by him from the 2.15-acre lease, and by the two 10-acre leases, less the 2-acre lease, amounting to $3,357.68. These propositions are therefore overruled.

■ Plaintiffs in error, who were plaintiffs below, assert by their first proposition that "the court having found that plaintiffs should recover $3,245.36 for oil run from the 2-acre tract, should have adjudicated said sum against Genecov, the Roosths, and Hall Walker (appellees) the owners of said lease, for whose credit said oil was run." As said before, there is no dispute respecting the amount of the balance of said $75,000 original consideration due plaintiffs in error. There is a pleading appearing in the record filed by De Soto Crude Oil Purchasing Corporation, hereafter referred to as De Soto, a defendant in the court below, denominated a bill of interpleader wherein it is alleged that said corporation has run all the oil produced from the 2-acre lease and is ready to account to the rightful owners of the same for the posted market value thereof. Attached to its bill is an itemized statement showing the total amount of oil run from said lease, the price paid for same, the amounts of money paid out, to whom paid, and the balance still owing by it, amounting to $11,891.21. This sum is tendered into court to "be awarded to whomsoever this court (trial court) shall deem entitled thereto. * * *" There is no showing here that any amount of money was deposited with the trial court by this defendant. De Soto was at the beginning of the trial of this case in the court below, by agreement of all attorneys present, dismissed from this case on consideration that it withdraw its cross-action containing an averment in the nature of a bill of interpleader. This record furnishes us with no other reason for this defendant's dismissal from this case. There is no proof in this record indicating that appellees have received any sum of money from the 2-acre lease belonging to plaintiffs in error, or

that they assumed payment of any claim of plaintiffs in error against the 2-acre lease. The most that can be said is that appellees bought the 2-acre lease subject to an outstanding oil payment. In this situation appellees are not personally liable for any amount owing by either the 2-acre lease or the 2.15-acre lease. Rabb v. Texas Loan & Investment Co., Tex.Civ.App., 96 S.W. 77; Hancock v. Fleming, 103 Ind. 533, 3 N.E. 254; Jones on Mortgages, 6th Ed., §§ 736, 751. This proposition is overruled.

Plaintiffs in error make the assertion in their brief that they were entitled to a foreclosure of a vendor's lien on the 2-acre lease. Unquestionably this is true. They alleged in their pleadings a vendor's lien and also sought its foreclosure, but the trial court did not decree a foreclosure of a vendor's lien in the judgment. No assignment of error or proposition is brought forward in plaintiffs in error's brief attacking the judgment in this respect. Therefore this error if any, is waived. Citizens State Bank of Houston v. McMurrey, Tex.Civ.App., 16 S.W.2d 541. See also 3 Texas Digest, title Appeal and Error, 759, for a complete list of authorities on this subject.

Plaintiffs in error's third proposition is: "The court having found that plaintiffs were jointly entitled to a judgment for $6,603.04, should also have awarded plaintiffs interest at 6% per annum on that amount from September 1st, 1937, the evidence showing that said sum so due plaintiffs was evidenced by an instrument of writing, namely the oil payment of $75,-000.00, and plaintiffs having prayed in their petition for interest on the amount found to be due them by the court, plaintiffs should have had judgment for interest as well as for the principal amount due them."

This proposition presents error. It is undisputed that appellants stopped payment to plaintiffs in error of the original $75,000 oil payment on September 1, 1937, at a time when, as found by the court below, they were indebted to plaintiffs in error in the sum of $3,357.68. This indebtedness being represented by the written oil and gas lease assignment from Goens, receiver, to Barney Carter and containing no provision for interest, the law fixed the interest rate at 6%. Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S.W. 193; Kishi v. Humble Oil & Refining Co., 5 Cir., 10 F.2d 356; Wichita Petroleum Co.

v. Winant, 5 Cir., 295 F. 67; R.C.S. Article 5070. The plaintiffs in error therefore are entitled to interest on the amount of money due and owing to them by appellants on September 1, 1937, at the rate of 6% per annum from that date until paid. No such judgment can be rendered under this record against De Soto for the amount found by the court to be due and payable to plaintiffs in error from the 2-acre assignment for the reason that the De Soto after its dismissal from this suit was not before the lower court at the time the case was tried and the judgment rendered. Green v. Green, Tex.Com.App., 288 S.W. 406; Duncan v. Marlin Motor Co., Tex. Civ.App., 41 S.W.2d 740, writ refused; Turman v. Turman, Tex.Civ.App., 46 S.W.2d 447.

The contention is made by plaintiffs in error, though raised by no assignment, that the judgment herein is not a final judgment because no award is made in their favor against any one for the $3,245.36 found by the trial court to be due them from the 2 acres. It is true that the judgment does not decree who, if any one, shall pay the amount of money due by the 2 acres, but the court does render a final judgment in favor of plaintiff for the amounts due it by the parties to the case, and the judgment is final as to all those persons who were parties in the court below. As said before, De Soto who was brought into the court below at the instance of plaintiffs in error, offered to tender into the registry of the court more than three times the amount of money owing by the 2-acre lease, but it was not required to pay this money into the registry of the court; but, on the contrary, was dismissed from the litigation by all parties without prejudice. Any award or judgment against the De Soto by the court below would have been void for the reason that it was not a party to this case after its dismissal.

All other assignments have been carefully examined and are respectfully overruled.

The judgment of the court below is reformed so as to allow interest to plaintiffs in error at the rate of 6% per annum against appellants for the amount of indebtedness due them by appellants from and after September 1, 1937, until paid. In all other respects the judgment is affirmed.

Reformed and affirmed.